COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | No. 08-12-00236-CV |
| IN RE: SIERRA CLUB, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |

## O P I N I O N

Sierra Club has filed a petition for writ of mandamus requesting that the court compel the Honorable Martin B. Muncy, Presiding Judge of the 109th District Court of Andrews County, Texas, to withdraw a temporary restraining order prohibiting the Sierra Club from seeking injunctive relief to prohibit shipments of low-level radioactive waste to a disposal facility in Andrews County. We deny relief.

## FACTUAL SUMMARY

In August of 2004, Waste Control Specialists, LLC (WCS) applied to the Texas Commission on Environmental Quality (TCEQ) for a license to authorize construction of a facility to commercially dispose of low-level radioactive waste (LLRW) in Andrews County.[1] The facility at the center of the controversy in this case is referred to as the LLRW "compact" facility. Sierra Club requested a contested case hearing before the TCEQ on this license application. In 2009, the TCEQ denied Sierra Club's request for a hearing and granted WCS's application. Sierra Club sought judicial review of that decision.

---

[1] The background facts are essentially undisputed. The factual summary in the opinion is based on the Relator's petition and appendix as well as the response filed by the Real Party in Interest, Andrews County. The Court has not received responses from the other real parties in interest, Andrews County Chamber of Commerce, Andrews Industrial Foundation, or WCS.

In May 2009, citizens in Andrews County voted to issue $75 million in bonds related to the development and construction of the LLRW disposal facilities. Andrews County utilized the bond funds to purchase land and assets associated with the disposal facilities which it has leased to WCS. The lease agreement is dated December 8, 2010. The LLRW compact facility began accepting LLRW in April 2012. One month later, on May 14, 2012, the 98th District Court in Travis County determined that TCEQ had erred by denying Sierra Club's hearing request regarding WCS's application for RAW License No. R04100, reversed TCEQ's decision issued on January 20, 2009, and remanded the matter to TCEQ to allow Sierra Club to participate in a contested case hearing.[2] TCEQ and WCS have appealed that decision to the Third Court of Appeals in Austin and superceded the trial court's judgment. The appeal is pending as of the date of this opinion. *See The Texas Commission on Environmental Quality and Waste Control Specialists LLC v. Sierra Club*, No. 03-12-00335-CV. On May 24, 2012, Sierra Club filed a new suit against TCEQ in Travis County to challenge the Commission's April 25, 2012 decision authorizing WCS to begin accepting waste under License R04100.[3] The petition alleges that WCS has not complied with all requirements of the license because groundwater has been found in the facility's buffer zone. Sierra Club requests, among other things, that the Travis County district court suspend the Commission's decision authorizing WCS to accept LLRW for disposal until after a contested case hearing is held in accordance with the judgment of the 98th District Court. TCEQ and WCS filed pleas to the jurisdiction and those pleas were denied. TCEQ and WCS have appealed to the Third Court of Appeals. *See Texas Commission on Environmental Quality and Waste Control Specialists v. Sierra Club*, 03-12-00625-CV. All proceedings in the

---

[2] Several suits were consolidated in *Sierra Club v. Texas Commission on Environmental Quality and Waste Control Specialists, LLC*, cause number D-1-GN-09-000894 and heard by the 98th District Court.

[3] *See Sierra Club v. Texas Commission on Environmental Quality*, cause number D-1-GN-12-001586.

trial court in that case are stayed pending resolution of the accelerated appeal. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(8), (b)(West Supp. 2012).

On June 25, 2012, Andrews County filed suit against Sierra Club in cause number 18,881 in the 109th District Court of Andrews County alleging that it has tortiously interfered with the lease agreement between Andrews County and WCS. The petition alleges that Sierra Club has filed other suits in Travis County based on the 98th District Court's judgment and has threatened to seek injunctive relief prohibiting the shipment of waste to the disposal facility. On June 27, 2012, the 109th District Court granted Andrews County's request for a TRO prohibiting Sierra Club from seeking such injunctive relief and set a hearing on Andrews County's request for a temporary injunction for July 10, 2012. On July 9, 2012, the 109th District Court extended the restraining order until July 23, 2012 and re-set the hearing for July 24, 2012. Sierra Club filed a petition for writ of mandamus against the 109th District Court and on July 13, 2012, we stayed enforcement of the TRO pending resolution of this mandamus proceeding.

## MOOTNESS

Sierra Club raises three issues in this original proceeding: (1) the TRO is void because it failed to include a reasonable explanation of the immediate and irreparable injury; (2) mandatory venue exists in Travis County, and therefore, the trial court erred by issuing the TRO; and (3) the TRO interferes with jurisdiction of a Travis County district court and the Third Court of Appeals.[4] Andrews County responds that all three issues are moot because the TRO expired on July 23, 2012. Issues One and Three are clearly limited to the TRO. Issue Two, however, concerns the applicability of mandatory venue provisions and Sierra Club has not strictly limited

---

[4] The mandamus record does not reflect whether Sierra Club has filed an original proceeding in the Third Court of Appeals to challenge the claimed interference with that court's jurisdiction. *See* TEX.GOV'T CODE ANN. § 22.221(a) (West 2004)(authorizing court of appeals to issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court).

that issue to the propriety of the TRO. The following discussion about mootness applies to Issues One and Three, and to Issue Two but only to the extent it is related to the TRO. Sierra Club's more general arguments about the mandatory venue provisions raised in Issue Two are not moot and will be addressed separately.

A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982); *In the Matter of S.J.C.*, 304 S.W.3d 563, 567 (Tex.App.--El Paso 2010, no pet.). Ordinarily, the expiration of an order granting injunctive or protective relief renders the issue moot. *Hermann Hospital v. Thu Nga Thi Tran*, 730 S.W.2d 56, 57 (Tex.App.--Houston [14th Dist.] 1987, no writ). Sierra Club argues that the TRO did not expire on July 23, 2012 because we granted its motion to stay. Our order expressly stayed "enforcement" of the TRO but we did not suspend the expiration of the order. Indeed we question whether an appellate court can stay the expiration of a TRO which will expire by its terms or operation of law on a date certain. *See* TEX.R.CIV.P. 680; *but see In re Cornyn*, 27 S.W.3d 327, 331 n.11 (Tex.App.--Houston [1st Dist.] 2000, orig. proceeding)(stating that TRO had not expired because court of appeals stayed the order with the intention of staying the expiration date; the court went on to hold that the capable of repetition yet evading review exception to the mootness doctrine applied). If we reviewed the merits of the issues related to the TRO and found in favor of Sierra Club, it would be unnecessary to dissolve the TRO because it has already expired. In other words, our decision could not have a practical legal effect upon the controversy related to the granting of the TRO. This is the classic definition of mootness. *See Beltran v. Beltran*, 324 S.W.3d 107, 110 (Tex.App.--El Paso 2010, no pet.)("A case is rendered moot when: (1) it appears that a party seeks to obtain a judgment upon some controversy, when in reality none

exists; or (2) a party seeks a judgment upon some matter which cannot have a practical legal effect upon a then existing controversy."). Conversely, if we reviewed the merits of these same issues, ruled against Sierra Club, and lifted the stay, the TRO could not go back into effect because it expired on July 23, 2012 and it cannot be extended by the trial court. Again, our decision would have no effect on the TRO. We conclude that Issues One and Three, and Issue Two insofar as it is related to the TRO, are moot because the TRO has expired.

There are two exceptions which will allow an appellate court to address issues that are otherwise moot: (1) capable of repetition yet evading review; and (2) collateral consequences. *In re S.J.C.*, 304 S.W.3d at 568, *citing General Land Office of the State of Texas v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990). "Capable of repetition yet evading review" is a rare exception to the mootness doctrine. *Texas A&M University-Kingsville v. Yarbrough*, 347 S.W.3d 289, 290 (Tex. 2011); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex.2001). It is limited to situations where: (1) the challenged act is of such short duration that the complaining party cannot obtain review before the issue becomes moot; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *Yarbrough*, 347 S.W.3d at 290. The "capable of repetition yet evading review" exception is further limited because it has only been used to challenge unconstitutional acts performed by the government. *OXY U.S.A.*, 789 S.W.2d at 571; *Trulock v. City of Duncanville*, 277 S.W.3d 920, 924 (Tex.App.--Dallas 2009, no pet.).

It is undisputed that Sierra Club was unable to obtain review of the TRO prior to its expiration. *See* TEX.R.CIV.P. 680 (limiting TRO to fourteen days and one extension of fourteen days). The record does not support a finding that there is a reasonable expectation Sierra Club would be subjected to the issuance of another TRO prior to the trial court conducting a hearing

on Andrews County's request for a temporary injunction. Andrews County has already obtained one extension of the TRO and Rule 680 provides that a TRO can be extended only once unless subsequent extensions are unopposed. TEX.R.CIV.P. 680. Sierra Club is not challenging an unconstitutional act on the part of the government. For these reasons, we conclude that the capable of repetition yet evading review exception is inapplicable.

The "collateral consequences" exception has been applied when prejudicial events have occurred "whose effects continued to stigmatize helpless or hated individuals long after the unconstitutional judgment had ceased to operate." *In re Salgado*, 53 S.W.3d 752, 757 (Tex.App.--El Paso 2001, orig. proceeding), *quoting OXY U.S.A.*, 789 S.W.2d at 571. There are no allegations which would bring this case within the collateral consequences exception.

Having determined that the issues related to the TRO are moot and no exception to the mootness doctrine applies under the facts of this case, we overrule Issues One and Three and that portion of Issue Two related to the issuance of the TRO. This outcome does not operate to leave Sierra Club without recourse. Both parties acknowledge that Andrews County will move forward with a hearing on its request for a temporary injunction which, whether granted or denied, is subject to interlocutory appeal. TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(4).

## MANDATORY VENUE PROVISION

In Issue Two, Sierra Club argues that mandatory venue exists in Travis County. Mandamus generally issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)(orig. proceeding). When a trial court fails to grant a motion to transfer venue pursuant to mandatory venue statutes, mandamus is an available remedy and the relator is not required to show the lack of an

adequate remedy by appeal. TEX.CIV.PRAC.&REM.CODE ANN. § 15.0642 (West 2002); *In re Transcontinental Realty Investors, Inc.*, 271 S.W.3d 270, 271 (Tex. 2008). The only issue presented in such a case is the legal question whether the trial court properly interpreted the mandatory venue provision. *In re Transcontinental Realty Investors, Inc.*, 271 S.W.3d at 271.

Sierra Club does not allege in its mandamus petition that it filed a motion to transfer venue or that the trial court has ruled on it and there is no evidence in the mandamus record that the trial court has ruled on such a motion. Andrews County asserts in its response that Sierra Club did not filed a motion to transfer until after it filed the mandamus petition and the trial court has not had a hearing or ruled on the motion. We conclude that mandamus relief is not available to Sierra Club because it has not obtained a ruling from the trial court on its motion to transfer venue. We overrule Issue Two. Because Sierra Club has failed to establish its entitlement to mandamus relief, we deny the petition for writ of mandamus and lift the stay order.


November 28, 2012
_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.