**Opinion issued July 8, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00369-CV

————————————

## IN RE MOTHER DOE AND FATHER DOE, INDIVIDUALLY AND AS NEXT FRIENDS OF JOHN DOE AND JANE DOE, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relators, Mother Doe and Father Doe, Individually and as next friends of John Doe and Jane Doe, have filed a petition for writ of mandamus, seeking an order "directing Respondent to vacate her orders of April 21, [sic] and April 29, 2014, and to allow Relators to properly investigate and prosecute the underlying

suit herein."[1]  Specifically, relators challenge the portion of the trial court's orders that prohibits them "from discussing this litigation with anyone other than their attorneys or the court."  We dismiss the petition as moot.

## Background

Relators, plaintiffs below, filed an "Original Petition and Application for Temporary Restraining Order" on March 18, 2014.  On March 19, 2014, the trial court issued a temporary restraining order, which ordered that "PLAINTIFFS and DEFENDANTS and/or their agents are hereby restrained from discussing this litigation with anyone other than their attorneys or the court" and that "NONE of the parties hereto, their agents, or individuals they have immediate control over shall speak to anyone concerning this litigation including, but not limited to, any media outlet such as television or radio stations or written media (in any form) NOR shall any of the parties hereto, their agents, or individuals they have immediate control over communicate with anyone concerning this litigation through social media including, but not limited to, email, Facebook, Twitter, Instagram, or other social media outlets."

---

[1]  The underlying case is *Mother Doe and Father Doe, Individually and as next friends of John Doe and Jane Doe, Minors v. Beth Yeshurun Day School, Tom Elieff, Cindy Kirsch, and Kelli Sydow*, cause number 1045092, pending in the County Civil Court at Law No. 2 of Harris County, Texas, the Honorable Theresa W. Chang presiding.

On March 28, 2014, relators and the real parties in interest attended mediation. At that time, the parties signed a "Mediation Settlement Agreement," extending certain provisions of the temporary restraining order, including the provision "imposing a 'gag order,'" until April 22, 2014. The parties further agreed to "reconvene the mediation . . . on or before April 18, 2014."

On April 21, 2014, the real parties in interest, defendants below, filed a "Motion to Extend Temporary Sealing Pending Mediation Completion." In the motion, the real parties in interest stated that "the mediation cannot be completed by April 18, 2014" and that the parties agreed to mediation on May 9, 2014.

The trial court heard the motion on April 21, 2014. At the hearing, the trial court stated the court was going to "continue sealing the record . . . but I don't want to be – I don't want to seal the records indefinitely. So May 12, 2014 is a good date. We are going to seal the records till that date including that date." The trial court then extended the terms of the temporary restraining order that had been previously extended by agreement of the parties, "including imposing a gag order[,] . . . through and including May 12, 2014 so to [sic] permit mediation to conclude." The trial court explained:

> I sealed the records, all the records, . . . so you can have a good mediation. So actually for the benefit of the two minor children. . . . I think for right now for the record to be sealed, for there's a gag order to be in place [sic], it's actually good for all parties. So your client can go to new [sic] school and start a new life and their school can go

3

about their way but whether or not we are going to continue to seal the records or not or continue gag record [sic], I don't know.

The court continued: "I normally do not impose a gag order but since children involved [sic], I want to do that for right now, because it is not permanent. It's just till May 12th so you have a chance to mediate."

At the conclusion of the hearing, the trial court issued the April 21, 2014 order, extending the terms of the temporary restraining order, "including imposing a 'gag order,' . . . through and including May 12, 2014, so as to permit the mediation to conclude."

On April 29, 2014, the trial court held another hearing regarding the gag order. On that date, the trial court further explained the reasoning behind the April 21, 2014 order:

> It's really for the benefit of [the] children.
> And I really want to have the opportunity for both parties to have a successful mediation. It's not a guarantee, but I think it provide [sic] an environment that both parties can have a mediation without – without ruining it. . . .
> So I thought to . . . extend the sealing of our records to extend the gag order to May 12, 2014 will allow the parties to have mediation on May the 9th, 2014. And it may be successful, maybe not. But at least we will know we give the parties an opportunity to mediate or to conclude that mediation. And hopefully you will mediate; we'll have the settlement. If not, the gag order and the records be sealed – will be expired and we can go full litigation. And that's what the Court system is all about. And the records will be open to everybody who wants to know and everybody can go to press and talk about why their side is correct.
> I really don't – do not want the children to be harmed between now and May 12th. So if the parties can be settled – I mean to reach

4

agreement during the mediation, I do not want to harm that chance. It's really for the children's sake because once we have harm to the school, to the teachers, to the children – and I think it's permanent harm. I just want to give the parties an opportunity to mediate.

Finally, the trial court held that the court was "going to keep the status quo until May the 12th, 2014. And after that, it's a new day, a new game."

At the conclusion of the hearing, the trial court issued the April 29, 2014 "Second Amended Order on Extension of Temporary Sealing Pending Mediation Completion." In the order, the trial court found that the parties "agreed to . . . conclude the mediation on May 9, 2014," that there was "a continuing compelling need . . . to allow the mediation to conclude successfully," and that there would be "imminent and irreparable harm to . . . the scheduled mediation on May 9, 2014 if the Court does not issue an order on extension of temporary sealing and temporary 'gag order,' . . . and the success of the mediation on May 9, 2014 will be negatively affected." The trial court therefore reiterated its April 21, 2014 order, extending the terms of the temporary restraining order "through and including May 12, 2014 to permit the mediation to conclude."

On May 6, 2014, relators filed their petition for writ of mandamus.

## Analysis

An appellate court may not decide a moot controversy. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.). A case on

5

appeal becomes moot when there is no live controversy between the parties. *See Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183 (1982); *In re Sierra Club*, 420 S.W.3d 153, 156 (Tex. App.—El Paso 2012, orig. proceeding); *Trulock*, 277 S.W.3d at 924. "[I]f no controversy continues to exist between [the parties], the appeal is moot and this court must dismiss the cause." *Gen. Land Office of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990).

There are two exceptions that allow an appellate court to address an issue that is otherwise moot: (1) the issue is capable of repetition yet evading review; and (2) the collateral consequences doctrine. *See OXY U.S.A.*, 789 S.W.2d at 571; *In re Sierra Club*, 420 S.W.3d at 157.

The capable of repetition yet evading review exception applies when the following circumstances are both present: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, or the party cannot obtain appellate review before the issue becomes moot; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *See Murphy*, 455 U.S. at 482, 102 S. Ct. at 1183; *Tex. A&M Univ.-Kingsville v. Yarbrough*, 347 S.W.3d 289, 290 (Tex. 2011); *In re Sierra Club*, 420 S.W.3d at 157; *Trulock*, 277 S.W.3d at 924, 928. For the capable of repetition yet evading review exception to apply, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur

involving the same complaining party;" a mere physical or theoretical possibility of recurrence is not sufficient. *Murphy*, 455 U.S. at 482, 102 S. Ct. at 1183–84; *see Trulock*, 277 S.W.3d at 924–25.

"The 'collateral consequences' exception has been applied when . . . prejudicial events have occurred 'whose effects continued to stigmatize helpless or hated individuals long after the unconstitutional judgment had ceased to operate.'" *OXY U.S.A.*, 789 S.W.2d at 571 (quoting *Spring Branch I.S.D. v. Reynolds*, 764 S.W.2d 16, 19 (Tex. App.—Houston [1st Dist.] 1988, no writ)); *see In re Sierra Club*, 420 S.W.3d at 158.

Here, relators challenge two orders of the trial court, issued on April 21, 2014 and April 29, 2014, both of which ceased to operate on May 12, 2014. Therefore, there is no longer a "live" controversy between the parties in this original proceeding. Accordingly, we conclude that this original proceeding has become moot. *See In re Sierra Club*, 420 S.W.3d at 157.

On May 15, 2014, the Clerk of this Court notified relators that this proceeding appeared to be moot and that the proceeding may be dismissed for want of jurisdiction unless relators filed a response showing that this Court has jurisdiction.

Relators responded on May 23, 2014. In their response, relators contend that the capable of repetition yet evading review exception applies in this case, because

"[i]t is reasonable to expect that Respondent could" extend the provisions of the temporary restraining order again. Relators further contend that "Respondent apparently believed she had the authority to enter [the April 21, 2014 and April 29, 2014 orders], with no supportive pleading, based upon no evidence, and over the objections of Relators' counsel," and mandamus relief is therefore "required to ensure that Respondent does not abuse her discretion in an identical or substantially similar manner in the future."[2]

Contrary to relators' contentions, the record reveals neither a "reasonable expectation" nor a "demonstrated probability" that the trial court will further

---

[2] Relators additionally argue that the April 21, 2014 and April 29, 2014 orders have not "lapsed for all purposes," because opposing counsel has "threatened motions for contempt against counsel for Relators regarding alleged violations of the Orders." It is not clear whether relators are contending that (1) the orders are capable of repetition yet evading review or (2) relators are subject to collateral consequences as a result of the orders. In either event, the theoretical possibility that the real parties in interest might file a motion for contempt, which the trial court might grant, is insufficient to establish either that the challenged orders are capable of repetition yet evading review or that relators are subject to collateral consequences. *See Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183–84 (1982); *Tex. A&M Univ.-Kingsville v. Yarbrough*, 347 S.W.3d 289, 291 (Tex. 2011); *In re Sierra Club*, 420 S.W.3d 153, 158 (Tex. App.—El Paso 2012, orig. proceeding). Moreover, if relators are held in contempt for violating either the April 21, 2014 order or the April 29, 2014 order, they may seek appellate review of the contempt order by filing a petition for writ of habeas corpus. *See Ex parte Shaffer*, 649 S.W.2d 300, 301–02 (Tex. 1983); *In re Markowitz*, 25 S.W.3d 1, 2–3 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding).

8

extend or will re-impose the gag order at issue.[3]  As an initial matter, Relators concede, in their May 23, 2014 "Second Reply," that both the April 21, 2014 order and the April 29, 2014 order expired on May 12, 2014.  Thus, the trial court cannot "illegally extend the TRO," because it is no longer in effect.  *See In re Sierra Club*, 420 S.W.3d at 157.

Further, the trial court explicitly stated that the records would not be sealed indefinitely and that the April 21, 2014 and April 29, 2014 orders were intended to provide the parties with an opportunity to mediate the case on May 9, 2014.  The real parties in interest, in their response filed on May 12, 2014, informed this Court that the mediation occurred on May 9, 2014.  Relators have neither offered evidence nor contended that the mediation did not take place as scheduled, nor have they offered any evidence showing that the trial court further extended the gag order or issued a new gag order.

Accordingly, because the trial court explicitly issued the challenged orders for the purpose of permitting the parties to engage in mediation on May 9, 2014 and relators have failed to produce any evidence showing either that mediation did not occur or that the trial court extended the challenged orders, we conclude that there is no "reasonable expectation" or "demonstrated probability" that relators

---

[3]  In their May 23, 2014 "Second Reply to Real Parties in Interest's Response to Petition for Writ of Mandamus," relators state that they "are not seeking to have the Court record unsealed, but are only seeking to bar future gag orders."

9

will be subject to another gag order. *See In re Sierra Club*, 420 S.W.3d at 157; *Trulock*, 277 S.W.3d at 929.

## Conclusion

Based on the foregoing, we conclude that this original proceeding has become moot, no exception to the doctrine of mootness applies, and we lack jurisdiction over this proceeding. Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Brown.