**Opinion issued July 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00404-CV

———————————

## IN RE ROBYN GORDON, Relator

———————————

## Original Proceeding on Amended Petition for Writ of Mandamus

———————————

## MEMORANDUM OPINION

On May 19, 2014, relator Robyn Gordon filed an amended petition for writ of mandamus and an amended emergency motion for temporary stay, seeking a stay of the trial court's May 12, 2014 "Order Denying Third-Party Robyn Gordon's Motion to Reconsider and Vacate Order to Compel Discovery."[1] The

---

[1] The underlying case is *First in Rescue Safety & Training, LLC v. Robert Jackson and Code Red Safety and Rental, LLC*, Cause No. 2013-67254, in the 151st District Court of Harris County, Texas, the Honorable Mike Engelhart presiding.

trial court had previously granted the plaintiff's motion to compel the relator to answer the deposition question of who was her home internet provider, and the follow-up questions about whether she was refusing to answer that question and why, and to comply with the *subpoena duces tecum* to produce her home internet provider billing statement.

On the same day, May 19, 2014, we granted in part Relator's motion to stay as to the portion of the May 12, 2014 order that required Relator to answer the above deposition questions. In that same Order, we denied in part Relator's motion to stay the trial court's order, insofar as it ordered Relator, within 10 days of the date of the trial court's order, to comply with a *subpoena duces tecum* requesting production of her home internet provider billing statement.

On June 16, 2014, real party in interest First in Rescue Safety and Training, LLC ("FIRST") filed their response contending that this amended petition is now moot because Relator complied with the *subpoena duces tecum* and produced the billing statement. FIRST further waived any right to answers to the deposition questions that Relator had refused to answer. *See* FIRST's Resp. to Pet. for Writ of Mandamus at 10.

On July 10, 2014, the Clerk issued a Notice that this Court may dismiss this amended petition for want of jurisdiction unless Relator filed a written response by 3:00 p.m. on July 15, 2014. Relator did not timely respond to the Notice.

Accordingly, because the requested information has been produced in discovery, there is no longer a live controversy between Relator and FIRST. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005). Thus, the amended petition is dismissed as moot for want of jurisdiction. *See In re Sierra Club*, 420 S.W.3d 153, 156–57 (Tex. App.—El Paso 2012, orig. proceeding); *see also Tex. A&M Univ.–Kingsville v. Yarbrough*, 347 S.W.3d 289, 290–91 (Tex. 2011); *cf.* TEX. R. APP. P. 42.3(a).

We **dismiss** the amended petition for a writ of mandamus as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

3