**Opinion issued August 21, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00456-CV

———————————

**SYED HABEEB PASHA, INDIVIDUALLY, AND SAMEDAY PASSPORT & VISA EXPEDITED SERVICES 2, INC., Appellants**

**V.**

**YP ADVERTISING, L.P., Appellee**

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1034393**

---

## MEMORANDUM OPINION

Appellants, Syed Habeeb Pasha, Individually, and Sameday Passport & Visa Expedited Services 2, Inc., filed a motion for extension of time to file notice of appeal to attempt to make their appeal from the trial court's default judgment timely. We deny the motion and dismiss the appeal for want of jurisdiction.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if, within 30 days after the judgment is signed, any party files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *Id*.; TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the default judgment on February 21, 2014. Appellants timely filed a motion for new trial on March 6, 2014. *See* TEX. R. CIV. P. 329b. Therefore, appellants' notice of appeal was due by May 22, 2014. *See* TEX. R. APP. P. 26.1.

Appellants filed their notice of appeal on June 4, 2014 and filed a motion to extend the deadline to file a notice of appeal on June 11, 2014. Appellants' notice of appeal was filed within the 15-day extension period. *See* TEX. R. APP. P. 26.3.

Appellants were still required, however, to offer a reasonable explanation of the need for an extension. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). The Texas Supreme Court has defined "reasonable explanation" to mean "'any plausible statement of circumstance indicating that failure to file within the [required] period was not deliberate[] or intentional, but was the result of inadvertence, mistake, or mischance.'" *Zhao v. Lone Star Engine Installation Ctr.*, No. 05-09-01055-CV, 2009 WL 3177578, at *1 (Tex. App.—Dallas Oct. 6, 2009, pet. denied) (quoting *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989)).

Here, appellants claimed that it was reasonable to hold off on filing a notice of appeal earlier because they believed that there was a chance the trial court would grant their motion for a new trial after holding a hearing on it on May 27, 2014. Appellants, however, ignored the fact that because their motion for new trial had not been ruled upon within 75 days after the default judgment, it had already been overruled by operation of law on May 7, 2014. *See* TEX. R. CIV. P. 329b(c); *Zhao*, 2009 WL 3177578, at *1. Thus, appellants' explanation indicates that they "consciously ignored the deadline in favor of waiting for a ruling on [their] motion for new trial," making their failure to timely file their notice of appeal unreasonable. *Zhao*, 2009 WL 3177578, at *2; *see also Allen v. Hinze*, No. 02-13-00466-CV, 2014 WL 787867, at *2 (Tex. App.—Fort Worth Feb. 27, 2014, no

pet.) (finding the appellant's explanation, that she did not timely file her notice of appeal because she was waiting on the trial court to hold a hearing and rule on her motion for new trial, unreasonable because it "suggests that she was aware of the deadline but consciously chose to ignore it.")

Because appellants offered no reasonable explanation that indicates the late notice of appeal filing was not deliberate or intentional, the notice of appeal was not timely. *See Garcia*, 774 S.W.2d at 670. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On July 29, 2014, the Clerk of this Court notified appellants that their appeal was subject to dismissal for want of jurisdiction unless, within 10 days of the Notice, they filed a response providing a reasonable explanation for untimely filing the notice of appeal. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.1, 26.3, 42.3(a); *Jones*, 976 S.W.2d at 677.

Appellants have not timely filed any response. Instead, on August 11, 2014, appellees filed a memorandum of satisfaction and release of judgment, stating that appellees have released the default judgment after appellants had fully and completely satisfied it by making monetary payments to appellees. Thus, this appeal appears to have been rendered moot. *See In re Sierra Club*, 420 S.W.3d 153, 156–57 (Tex. App.—El Paso 2012, orig. proceeding); *see also Tex. A&M*

4

*Univ.–Kingsville v. Yarbrough*, 347 S.W.3d 289, 290–91 (Tex. 2011); *cf.* TEX. R. APP. P. 42.3(a).

Accordingly, we deny appellants' motion for extension of time to file notice of appeal and dismiss this appeal. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.