**AFFIRM and Opinion Filed May 9, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00004-CV

**RIDGECREST HOLDINGS, LLC AND 400 SOUTH WALTON WALKER BOULEVARD, DALLAS, TEXAS, Appellants**
**V.**
**CITY OF DALLAS, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-12419**

## MEMORANDUM OPINION ON MOTION TO REVIEW SUPERSEDEAS

Before Chief Justice Burns, Justice Molberg, and Justice Nowell
Opinion by Chief Justice Burns

Before the Court is Ridgecrest Holdings, LLC and 400 South Walton Walker Boulevard, Dallas, Texas's motion to review the trial court's order summarily denying supersedeas and to enter temporary orders. For the reasons that follow, we affirm the trial court's order denying supersedeas and decline to enter temporary orders.

The underlying appeal follows the trial court's temporary injunction compelling Ridgecrest to take, for health and safety reasons, twenty-five remedial steps to address multiple Dallas City Code violations at its property at 400 South Walton Walker Boulevard ("the Property"), a multi-family apartment complex. After the injunction was signed, Ridgecrest and the Property filed a motion seeking to establish the terms of supersedeas. In the motion, they sought suspension of the judgment pursuant to rule of appellate procedure 24.2(a)(3), which governs suspension of

judgments for something other than money, and rule of appellate procedure 29.2, which governs suspension of interlocutory orders. *See* TEX. R. APP. P. 24.2(a)(3), 29.2. They argued they had "an absolute right to supersede" the temporary injunction and, "because the Temporary Injunction [compelled them] to breach their tenant leases and violate the regulations of the Department of Housing and Urban Development, enforcement of the Temporary Injunction pending appeal would cause [them] substantial damages[.]" They attached no supporting documentation to their motion, and no evidence was offered at the hearing on the motion.

In their motion before the Court, Ridgecrest and the Property argue the purpose of a temporary injunction is to preserve the status quo until a trial on the merits, but the trial court's injunction "instead effectively grants" the City's requested final relief to compel them to comply with the code. They contend a stay of the injunction is needed "to preserve the rights of the parties in this case" because, without a stay, the City could seek to enforce the injunction, rendering the appeal moot.[1]

Texas Rule of Appellate Procedure 29 provides the procedures for suspension of interlocutory orders pending appeal. *See* TEX. R. APP. P. 29. Rule 29.1 provides, in relevant part, that an appeal from an order granting interlocutory relief does not suspend the appealed order unless the order is suspended in accordance with rule 29.2. *See id.* 29.1(a). Rule 29.2 in turn grants the trial court discretion to suspend an interlocutory order in accordance with appellate rule 24. *See id.* 29.2. If the trial court denies supersedeas, the appellant may seek appellate review. *See id.* Under rule 29.3, an appellate court may also "make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security." *See id.*

---

[1] We note that, at the time Ridgecrest and the Property filed the motion before us, the date for completing eleven of the twenty-five remedial steps ordered in the temporary injunction had passed. Ridgecrest and the Property did not seek an emergency stay of the temporary injunction pending review of the order denying supersedeas and, since the filing of the motion, the time for completing an additional twelve steps has passed. Accordingly, the issue of whether to suspend the injunction as it pertains to those steps appears to have become moot. *See In re Sierra Club*, 420 S.W.3d 153, 156 (Tex. App.—El Paso 2012, orig. proceeding) (expiration of order granting injunctive relief renders appeal of order moot).

29.3. The rule, however, prohibits the appellate court from suspending the trial court's order "if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24." *See id.*

Rule 24 provides different procedures for suspending a judgment based on the type of judgment being appealed. *See id.* 24. Although appellants sought suspension of the injunction pursuant to rule 24.2(a)(3), rule 24.2(a)(5) is the applicable rule because it governs judgments in favor of a governmental entity in its governmental capacity and in which the entity has no pecuniary interest. *See* TEX. R. APP. P. 24.2(a)(5); *In re S. Tex. Coll. of Law*, 4 S.W.3d 219, 220 (Tex. 1999) (orig. proceeding) (Hecht, J., dissenting to denial of mandamus). In determining whether to suspend enforcement under rule 24.2(a)(5), the trial court must take into account the harm that is likely to result to the judgment debtor if enforcement is not suspended, and the harm that is likely to result to others if enforcement is suspended. *See* TEX. R. APP. P. 24.2(a)(5).

As stated, Ridgecrest and the Property argued before the trial court they had "an absolute right to supersede" the temporary injunction and that the injunction compelled them "to breach their tenant leases and violate the regulations of the Department of Housing and Urban Development." Here, they argue that a stay is necessary to preserve the parties' rights.

As to the arguments made to the trial court, rule 29 grants the trial court discretion to supersede the temporary injunction; no absolute right exists. *See id.* 29.2. Moreover, Ridgecrest and the Property provided no supporting documentation, and no evidence was introduced at the hearing. Without evidence, the trial court could not conduct the balancing test required under rule 24.2(a)(5), and we cannot conclude the trial court abused its discretion by denying supersedeas. *See id.* 24.2(a) (5); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985) (trial court abuses its discretion if it acts in arbitrary or unreasonable manner or "without reference to any guiding rules or principles").

To the extent Ridgecrest and the Property's rights may not be adequately protected by supersedeas or any other order under rule 24, we decline to exercise our discretion to suspend a temporary injunction rendered for health and safety reasons. *See* TEX. R. APP. P. 29.3. The merits of the injunction are not before us, and no evidence was offered in support of suspension. We will not second-guess the trial court.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

190004F.P05