

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| IN RE: | § | No. 08-21-00140-CV |
| | § | |
| GREG ABBOTT, in his Official Capacity | | AN ORIGINAL PROCEEDING |
| as Governor of the State of Texas, | § | |
| | | IN MANDAMUS |
| RELATOR. | § | |
| | § | |

**<u>PER CURIAM ORDER</u>**

Relator, the Honorable Greg Abbott, in his official capacity as Governor of the State of

Texas, has filed an emergency motion for temporary relief seeking a stay of the temporary

restraining order (TRO) granted by the Honorable Ruben Morales, Judge of the El Paso County

Court at Law No. 7, in *City of El Paso, Plaintiff v. Greg Abbott*, *in his official capacity as Governor

of Texas, Defendant*, Trial Court Cause No. 2021DCV2805. The trial court's TRO enjoins the

Governor from enforcing, in its entirety, Executive Order GA-38, issued on July 29, 2021, against

any local governmental entity, or employee or official of a local governmental entity in the City

1

and County of El Paso.[1] The TRO operates within the confines of El Paso County pending a temporary injunction hearing set for August 31, 2021, in the trial court.

The three justices convened en banc and took a vote on the motion. CHIEF JUSTICE RODRIGUEZ voted to deny the motion *in toto* and leave the TRO against the Governor fully intact pending resolution of this mandamus action on the merits. JUSTICE PALAFOX voted to grant the motion in part and deny the motion in part, leaving the TRO effective against GA-38 only as to mask requirements imposed by local school districts, or imposed by the city on employees while performing their duties and responsibilities, or imposed on visitors of city owned or managed properties to include public transportation, pending resolution of this mandamus action on the merits. JUSTICE ALLEY voted to grant the motion *in toto* and stay the TRO against the Governor in its entirety pending resolution of this mandamus action on the merits. No single position garnered an en banc majority as to all issues.

When a vote results in a plurality decision with no single rationale commanding a majority vote, the holding of the Court may be viewed as that position taken by those members who concurred in the result on the narrowest grounds. *See In re C.J.C.*, 603 S.W.3d 804, 814 n.49 (Tex.

---

[1] The temporary restraining order at issue here states that Governor Abbott in his official capacity, as well as his employees, agents, and representatives are:
> • Restrained from enforcing GA-38 against any local governmental entity, or employee or official of a local governmental entity in the City and County of El Paso;
> • Restrained from seeking to fine any local governmental entity, or employee or official of a local governmental entity in the City and County of El Paso, for alleged violations of GA-38; and
> • Restrained from suspending Texas Government Code §§ 418.105(b) and 418.108; Chapter 81, Subchapter E of the Texas Health and Safety Code; Chapters 121, 122, and 341 of the Texas Health and Safety Code; Chapter 54 of the Texas Local Government Code; and any other statute that is not a regulatory statute and/or that is not on the suspension list required by Texas Government Code § 418.015.

2020); *Semperit Technische Produkte Gesellschaft M.B.H. v. Hennessy*, 508 S.W.3d 569, 578 n.6 (Tex.App.—El Paso 2016, no pet.). Here, because CHIEF JUSTICE RODRIGUEZ and JUSTICE ALLEY each joined with separate parts of JUSTICE PALAFOX's decision, JUSTICE PALAFOX's plurality rationale represents the narrowest ground and thus the Court's holding on this matter.

Therefore, with plurality and concurring/dissenting statements appended to this order explaining each justice's rationale, *see Brackeen v. Haaland*, 994 F.3d 249, 267 (5th Cir. 2021)(adopting similar practice of issuing a per curiam summary decision followed by a plurality opinion and concurrences and dissents), the Court issues the following per curiam order:

**The Governor's emergency motion for temporary relief is GRANTED IN PART and DENIED IN PART. Enforcement of Section 3(b), 3(g), (4), and 5(a) of Executive Order GA-38 is restrained by the TRO of this case to the extent it applies:**

1. **Against any school district within El Paso County;**

2. **Against the City of El Paso to the extent the City requires all employees to wear a mask or face covering;**

3. **Against the City of El Paso to the extent the City requires all visitors to the City-owned or managed facilities to wear a mask or face covering. Such City-owned or managed facilities include senior citizen centers, recreational facilities, and City-operated public transportation.**

**Enforcement of GA-38 is not restrained by the TRO of this case as to all its remaining sections.**

**IT IS SO ORDERED THIS 27TH DAY OF AUGUST, 2021.**

PER CURIAM


Before Rodriguez, C.J., Palafox, J., and Alley, J.
Rodriguez, C.J., concurring in part and dissenting in part
Alley, J., concurring in part and dissenting in part

4

**PLURALITY STATEMENT BY PALAFOX, J.**

In responding to Governor Abbott's request for emergency relief, I draw guidance from recent orders of the Texas Supreme Court—which involve temporary restraining orders and temporary injunctions arising from other counties—and from our own precedent in *State v. El Paso County*, 618 S.W.3d 812 (Tex. App.—El Paso 2020, no pet.) (orig. proceeding). By my count, the Texas Supreme Court has issued four orders to date responding to requests for emergency relief by Governor Abbott where temporary injunctive relief has been granted against enforcement of GA-38. *See In re Greg Abbott, In His Official Capacity as Governor of The State of Texas,* No. 21-0720 (Fourth Court of Appeals, San Antonio); *In re Greg Abbott, In His Official Capacity as Governor of The State of Texas,* No. 21-0686 (Dallas County); *In re Greg Abbott, In His Official Capacity as Governor of The State of Texas,* No. 21-0687 (Bexar County); *In re Greg Abbott, In His Official Capacity as Governor of The State of Texas,* No. 21-0701 (Travis County). In those cases, the temporary injunctive relief and restraining orders primarily prohibited the enforcement of GA-38 to the extent it prohibits local officials from issuing local orders that mandate face coverings due to increased dangers posed by the effects of the novel coronavirus (COVID-19). As to the Governor's requests for emergency relief from the Supreme Court, three requests were granted and one was denied.

On August 15, 2021, the Texas Supreme Court granted Governor Abbott's requests for emergency stays pending the Court's determination of petitions for writ of mandamus filed with the Court challenging temporary restraining orders issued in Dallas and Bexar Counties. *See In re Greg Abbott, In His Official Capacity as Governor of The State of Texas,* No. 21-0686 (Dallas

5

County); *In re Greg Abbott, In His Official Capacity as Governor of The State of Texas,* No. 21-0687 (Bexar County). The Texas Supreme Court granted emergency stays in both cases based on its determination that the trial court's temporary restraining order at issue had altered the status quo preceding the controversies, and their effects were therefore stayed pending the trial court's hearing and decision on plaintiffs' request for a temporary injunction. *See id.* No. 21-0686 (Order dated 8/15/2021, Dallas County) and No. 21-0687 (Order dated 8/15/2021, Bexar County) (both orders citing *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004)).

As for the third order, however, the Texas Supreme Court denied Governor Abbott's emergency motion for temporary relief, on August 19, 2021, on the basis of TEX. R. APP. P. 52.3(e). *See In re Greg Abbott, In His Official Capacity as Governor of The State of Texas,* No. 21-0701 (Travis County). The Supreme Court's ruling required the Travis County case to first be heard by the Third Court of Appeals pursuant to its concurrent jurisdiction. *Id.* Of particular note, the Supreme Court's order in No. 21-0701 permitted three temporary restraining orders to remain in effect which enjoined the Governor from enforcing GA-38 to the extent that it prohibited Harris County officials, certain named school districts, or any school district in Texas from requiring face masks or coverings.

Yesterday, however, in a fourth order, the Texas Supreme Court again granted emergency relief to the Governor with regard to prohibitions against the enforcement of certain provisions of GA-38. *See In re Greg Abbott, In His Official Capacity as Governor of The State of Texas,* No. 21-0720 (from Bexar County; Fourth Court of Appeals). In No. 21-0720, the Governor sought emergency relief from the Supreme Court after the Fourth Court of Appeals issued an order

6

pursuant to TEX. R. APP. P. 29.3, which reinstated a temporary injunction issued against GA-38 by the trial court after an evidentiary hearing. *Id.* After the Governor filed an interlocutory appeal of the trial court's temporary injunction and implied denial of a plea to the jurisdiction, the local authorities requested emergency relief from the Fourth Court of Appeals on the basis that the trial court's temporary injunction had been superseded by the filing of the Governor's notice of appeal due to the combined effect of Rule 29.1(b) and TEX. CIV. PRAC. & REM. CODE ANN. § 6.001.[2] *Id.* In staying the order of our sister court of appeals, the Supreme Court ruled in favor of the enforceability of GA-38, while the case remained pending interlocutory appeal, because the court of appeals' order altered the status quo preceding the controversy. I note here, however, that the procedural posture of the case before us, which involves mandamus relief sought against a TRO, differs procedurally from the interlocutory appeal filed in the Bexar County case.

Because of the recent orders by the Texas Supreme Court—which both grant and deny emergency relief in both similar and procedurally distinguishable disputes over GA-38's prohibition of mask mandates—I would grant in part and deny in part Governor Abbott's request for an emergency stay in this case. I conclude the City of El Paso has shown a probable right to relief on its claim against sections 3(b), 3(g), 4, and 5(a) of GA-38, to the extent those provisions

---

2  Rule 29.1(b) states: "Perfecting an appeal from an order granting interlocutory relief does not suspend the order appealed from unless . . . the appellant is entitled to supersede the order without security by filing a notice of appeal." TEX. R. APP. P. 29.1(b); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 6.001 (providing State agencies are exempt from bond for court costs or appeal).

pertain solely to city employees, city facilities, and school districts3 located within the jurisdiction of El Paso County. To the extent the trial court's TRO restrains enforcement of GA-38 against the City of El Paso for mandating the wearing of a face covering by all City employees while performing their duties, or mandates the wearing of a face covering by any visitors inside all City owned or managed facilities such as senior centers or recreational facilities, or on City operated public transportation, I would deny emergency relief; also, to the extent the trial court's TRO restrains enforcement of GA-38 against any school district which mandates the wearing of a face covering located within the jurisdiction of El Paso County, I would deny emergency relief; but, in all other respects, to the extent the TRO restrains the enforcement of GA-38 as to all other provisions in all other circumstances, I would grant emergency relief to the Governor.

---

3 I particularly note that paragraph 3(e) of GA-38 permits "[p]ublic schools" to operate as provided by, and under the minimum standard health protocols found in guidance issued by the Texas Education Agency. *See* GA-38 3(e). I take judicial notice of the TEA's Public Health Guidance, issued on August 19, 2021, providing that mask provisions of GA-38 are not being enforced as the result of ongoing litigation. *See Public Health Guidance,* TEXAS EDUCATION AGENCY (2021), https://tea.texas.gov/sites/default/files/covid/SY-20-21-Public-Health-Guidance.pdf (last visited Aug. 26, 2021).

**CONCURRING/DISSENTING STATEMENT BY RODRIGUEZ, C.J.**

I would deny the Governor's request for a stay of the temporary restraining order *in toto*. I respectfully, dissent from Justice Alley and Justice Palafox in their grant of any relief. I concur with Justice Palafox to the extent she denies relief as outlined in the Court's plurality order.

A court of appeals may review a TRO through the extraordinary writ of mandamus because it expires after fourteen days and there is no adequate remedy by appeal. *See In re Office of Attorney General*, 257 S.W.3d 695, 698 (Tex. 2008). That said, mandamus is a discretionary writ, the availability of which depends in part on our equitable judgment as to whether mandamus relief is an "'efficient manner of resolving the dispute.'" *In re Facebook, Inc.*, 625 S.W.3d 80, 86 n.2 (Tex. 2021)(citing *In re Blevins*, 480 S.W.3d 542, 544 (Tex. 2013)). A court of appeals may deny a writ of mandamus if it finds that mandamus review is not an efficient way of resolving the dispute between the parties. *Id*.

As a practical matter, because a TRO expires so quickly after issuance, a mandamus action challenging a TRO on abuse of discretion grounds often becomes moot while the appellate court processes the mandamus petition, even when enforcement of the TRO is stayed pending resolution of the mandamus action on the merits. *See In re Sierra Club*, 420 S.W.3d 153, 156-57 (Tex.App.—El Paso 2012, orig. proceeding)(mandamus action was moot because TRO expired during stay period); *see also In re de Kallop*, No. 14-20-00168-CV, 2020 WL 1808911, at *1 (Tex.App.—Houston [14th Dist.] Apr. 9, 2020, orig. proceeding)(mem. op.)(mandamus action was moot because TRO expired and temporary injunction was entered). This mootness risk is doubly true when a court of appeals wishes to *grant* a writ of mandamus overturning a TRO, since Rule 52.8(d)

9

requires us to write a full opinion justifying ourselves and explaining why we believed the trial court abused its discretion when we grant mandamus relief. TEX.R.APP.P. 52.8(d)

Because the opinion-writing process takes time, TROs often expire or are superseded by indefinite (and appealable) temporary injunctions before mandamus challenges can be decided on the merits, making mandamus review an inefficient manner of resolving the merits of a TRO dispute, particularly when the merits of the dispute involve laws that have never been fully interpreted. *See In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004)(discouraging adjudication of illegality of conduct "based merely on pleadings and a brief, non-evidentiary TRO hearing when substantial rights are involved and the issues are far from clear"). For this reason, a court of appeals has the discretion to summarily deny a mandamus petition that presents a question of first impression when the law underlying a dispute has not been "clearly established." *See In re State*, No. 08-19-00151-CR, -- S.W.3d --, 2020 WL 5105215, at *3 (Tex.App.—El Paso Aug. 31, 2020, orig. proceeding)(citing *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex.Crim.App. 2013)(orig. proceeding)).

While we must write a full opinion if we wish to issue a writ of mandamus overturning a TRO on the merits, the Texas Rules of Appellate Procedure do not require us to articulate our reasoning for interim orders we issue under TEX.R.APP.P. 52.10 while sorting out the mandamus' merits. This power to issue interim orders while proceedings play out in the court of appeals provides the appellate courts with the ability to essentially flip a trial court's injunctive relief orders off or on before we have the full opportunity to determine whether the trial court's original decision was correct or needs to be overturned. Combine this power to flip trial court orders on and off with

10

a pressure-cooker litigation environment where the order under review expires in four days, and there can be situations where a trial court enters an injunction, the court of appeals pauses the trial court's order, and then the order under review expires so that a litigant obtains relief from the trial court's order without ever having to prove the trial court's order was in error.

However, to say the law in this arena is deeply unsettled, is an understatement. A previous decision on which the Governor relies, *State v. El Paso County*, was an unappealed 2-1 decision in which I dissented. *State v. El Paso County,* 618 S.W.3d 812 (Tex.App.—El Paso 2020, no pet.)(Rodriguez, J. dissenting). The two courts of appeals presented with other similar TRO mandamuses have declined to adopt *El Paso County* as authority, with one court explicitly adopting the rationale of the *El Paso County* dissent as that district's precedent and thereby creating a circuit split. *See In re Greg Abbott (Bexar County)*, No. 04-21-00336-CV, 2021 WL 3578306, at *1 (Tex.App.—San Antonio Aug. 13, 2021, orig. proceeding)(mem. op.); *In re Greg Abbott (Dallas County),* No. 05-21-00687-CV, 2021 WL 3610314, at *1 (Tex.App.—Dallas Aug. 13, 2021, orig. proceeding)(mem. op.)(adopting *El Paso County* dissent rationale).

Furthermore, as the City points out, *El Paso County* may not squarely apply here because the authorities the City relied on in issuing the masking order—specifically, certain public health/infection control provisions of the Texas Health and Safety Code and the City's own inherent self-governing authority as a home-rule municipality—are different than the ingress-egress authority under the Texas Disaster Act the County relied on to issue a shutdown order. And the City has also raised the specter that even if the majority interpretation of the statute in *El Paso County* was correct, that statute as interpreted may be unconstitutional.

11

Because of this, I think the proper course of action would be to deny both the request for an interim order and the mandamus petition on its merits and leave the TRO in place pending the full temporary injunction hearing, where the parties can continue to hash out what these uninterpreted statutory provisions mean, develop an actual factual record we can use in measuring the trial court's exercise of equitable discretion, and then file an accelerated interlocutory appeal if necessary. A summary mandamus denial made under these circumstances is not an adjudication of or comment upon the merits of the case "in any respect." *Chambers v. O'Quinn*, 242 S.W.3d 30, 32 (Tex. 2007).

Finally, I firmly believe we still possess the inherent authority to deny interim orders regardless of the existence of the Texas Supreme Court's stay orders. Those two orders are very narrow and limited in scope. There has been much speculation among members of the bar and in the media as to whether the interim orders issued by the Texas Supreme Court bind parties other than the litigants in those specific cases. I do not believe they do. Because, the Texas Supreme Court denied the Governor's specific request to make the high court's interim order in the Governor's mandamus action against Dallas County operative statewide, which means the order operates only as to Dallas County specifically. *See In re Greg Abbott (Dallas County)*, No. 21-0686 (Tex. Aug. 16, 2021)(order denying request to amend mandamus and stay litigation statewide).[4] As such, we and our sister courts retain the discretion to decide whether we wish to

---

[4] The Texas Supreme Court also blocked the Governor's attempt to bypass the Third Court of Appeals in Austin and obtain mandamus relief directly from the Texas Supreme Court under TEX.R.APP.P. 52.10's emergency provision. *See In re Greg Abbott (Valley School Districts/Harris County Litigation)*, No. 21-0701 (Tex. Aug. 19, 2021)(misc. order denying mandamus).

allow the trial court TROs to stand pending mandamus review.

By voting to "pause" the TRO, absent the exception of the school districts and city facilities and employees, pending resolution of a mandamus action that will be mooted by a temporary injunction hearing in four days, the Court has made it highly likely the Governor will obtain the relief he seeks without ever having to prove the merits of his case, at least this round. The Governor's aggressive litigation strategy aimed at obtaining global interim relief through summary rulings while deftly avoiding final merit rulings is antithetical to notions of justice and fair play. El Paso deserves better than the four-day confusion and whiplash the grant of the TRO will have wrought on our community. For these reasons, I would deny Relator's request for emergency relief.

**CONCURRING/DISSENTING STATEMENT BY ALLEY, J.**

I would grant the Relator's request for emergency relief *in toto*. The temporary restraining order at issue here states that Governor Abbott in his official capacity, as well as his employees, agents, and representatives are:

> • Restrained from enforcing GA-38 against any local governmental entity, or employee or official of a local governmental entity in the City and County of El Paso;
>
> • Restrained from seeking to fine any local governmental entity, or employee or official of a local governmental entity in the City and County of El Paso, for alleged violations of GA-38; and
>
> • Restrained from suspending Texas Government Code §§ 418.105(b) and 418.108; Chapter 81 , Subchapter E of the Texas Health and Safety Code; Chapters 121, 122, and 341 of the Texas Health and Safety Code; Chapter 54 of the Texas Local Government Code; and any other statute that is not a regulatory statute and/or that is not on the suspension list required by Texas Government Code § 418.015.

Trial Court Order of August 17, 2021.

GA-38 contains a number of provisions dealing with such varied topics as collecting data from medical facilities, prohibiting vaccine passports, setting standards in institutional settings such as jails and nursing homes, and preventing restrictions on occupancy. Executive Order GA-38 ¶1, 2(a), 3(a), (d), (e). Despite the City's moving papers which focus on mask mandates, the trial court wholesale precluded enforcement of all of GA-38's provisions. This Court's plurality order tidies up the trial court's order to salvage some portions of it (and as such controls the disposition of the motion for emergency relief). I would, however, simply grant the Governor's emergency relief *in toto* and stay the entire order based on the Texas Supreme Court's orders in *In re Greg Abbott, In His Official Capacity as Governor of The State of Texas,* No. 21-0720 (August

14

26, 2021) (Bexar County); *In re Greg Abbott, In His Official Capacity as Governor of The State of Texas,* No. 21-0686 (August 15, 2021) (Dallas County); *In re Greg Abbott, In His Official Capacity as Governor of The State of Texas,* No. 21-0687 (August 15, 2021) (Bexar County); and our own decision in *State v. El Paso County*, 618 S.W.3d 812 (Tex.App.--El Paso 2020) (orig. proceeding).