

# NUMBER 13-25-00480-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE PALKER PROPERTIES, LLC

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice Pena[1]**

By petition for writ of mandamus, relator Palker Properties, LLC asserts that the trial court abused its discretion in various respects by granting a temporary restraining order in favor of the real parties in interest, Brixt Investments, LLC, Ground Zero Training Facility, LLC, and Ronald Torres.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem.*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). Ordinarily, the relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Temporary restraining orders are not subject to appeal, and thus they may be reviewed by mandamus. *See In re Abbott*, 601 S.W.3d 802, 813 (Tex. 2020) (orig. proceeding) (per curiam); *In re Off. of Att'y Gen.*, 257 S.W.3d 695, 698 (Tex. 2008) (orig. proceeding) (per curiam); *In re County of Hidalgo*, 655 S.W.3d 44, 55 (Tex. App.—Corpus Christi–Edinburg 2022, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real parties in interest, and the applicable law, is of the opinion that this original proceeding has been rendered moot. *See In re L.A.-K.*, 596 S.W.3d 387, 396 (Tex. App.—El Paso 2020, no pet.); *In re Sierra Club*, 420 S.W.3d 153, 156 (Tex. App.—El Paso 2012, orig. proceeding). Specifically, the temporary restraining order at issue has expired, and the trial court's hearing on the temporary injunction has either commenced or is imminent. Accordingly, we lift the stay previously imposed in this case, and we dismiss this original proceeding as moot.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
23rd day of October, 2025.

2