

# NUMBER 13-25-00547-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RAUL ORTIZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca
Memorandum Opinion by Justice Cron[1]**

Relator Raul Ortiz filed a petition for writ of mandamus asserting that the trial court erred by issuing a temporary restraining order on October 16, 2025, in violation of Rules 680 and 683 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 680, 683.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). Ordinarily, the relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Temporary restraining orders are not subject to appeal, and they may be reviewed by mandamus. *See In re Abbott*, 601 S.W.3d 802, 813 (Tex. 2020) (orig. proceeding) (per curiam); *In re Off. of Att'y Gen.*, 257 S.W.3d 695, 698 (Tex. 2008) (orig. proceeding) (per curiam); *In re County of Hidalgo*, 655 S.W.3d 44, 55 (Tex. App.—Corpus Christi–Edinburg 2022, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real party in interest Noreen Monette Perez, and the applicable law, is of the opinion that this original proceeding has been rendered moot. *See In re L.A.-K.*, 596 S.W.3d 387, 396 (Tex. App.—El Paso 2020, no pet.); *In re Sierra Club*, 420 S.W.3d 153, 156 (Tex. App.—El Paso 2012, orig. proceeding). Specifically, the temporary restraining order at issue has expired. Accordingly, we dismiss this original proceeding as moot.

JENNY CRON
Justice

Delivered and filed on the
10th day of November, 2025.