United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 9, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51657

ROBERT T. O'DONNELL; WILLIAM K. BROWN,

PLAINTIFFS-APPELLANTS,

VERSUS

GREG ABBOTT, ATTORNEY GENERAL FOR THE STATE OF TEXAS,

DEFENDANT-APPELLEE.

Appeal from the United States District Court
for the Western District of Texas
(1:03-CV-902)

Before REAVLEY, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Robert O'Donnell and William Brown ("Appellants") challenge the district court's entry of a take-nothing final judgment in favor of Defendant-Appellee Greg Abbott, Attorney General for the State of Texas (the "Attorney General").

O'Donnell and Brown operate "Guardian Ad Litem" ("GAL"), a child-support payment collection and disbursement business. GAL has built its client base by obtaining guardian *ad litem* appointments from state district courts in Dallas and Collin Counties, Texas, in divorce and child-support cases. After being appointed, for a small monthly fee, GAL

collects child-support payments from noncustodial parents and disburses them to custodial parents. GAL keeps records, and if a noncustodial parent fails to pay, it files suit to recover the payment. GAL's relationship with parents is established primarily through divorce decrees issued by the appointing state district courts.

As part of a comprehensive restructuring of federal welfare programs, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA"), which in pertinent part states that:

> In order for a State to meet the requirements of this section [and receive certain federal funding], [a] State agency must establish and operate a unit (which shall be known as the "State disbursement unit") for the collection and disbursement of payments under support orders . . . .

42 U.S.C. § 654b(a)(1) (1998).

PRWORA makes clear that the "State disbursement unit" ("SDU") must be operated "directly by [a] state agency." *Id.* § 654b(a)(2)(A). Finally, PRWORA mandates that SDUs use modern technology for, among other things, the "receipt of payments from [noncustodial] parents . . . and for disbursements to custodial parents and *other obligees* . . . ." *Id.* § 654b(b)(1) (emphasis added).

To comply with PRWORA, the Texas Legislature (1) selected the Attorney General to run Texas's SDU, *see* TEX. FAM. CODE ANN. § 231.001 (Vernon 2002); (2) required that the SDU "forward child support payments as authorized by [federal] law," *see id.* § 234.001(c)(2); and (3) specified that the Attorney General may adopt rules in compliance with federal law for the operation of the SDU, *see id.* § 234.006.

In 2002, the Attorney General determined that GAL was no longer allowed to receive

child-support disbursements from the SDU. The Attorney General reasoned that, under 42 U.S.C. § 654b(b)(1), the SDU was authorized to disburse funds only to "custodial parents and other obligees"; and GAL was not a parent or an obligee.

However, the Attorney General concluded that federal law would allow GAL to receive disbursements if GAL's clients signed an authorization form. The Attorney General created an official authorization form and explained to GAL that it would receive disbursements in the future only if its clients first signed the official authorization form.

Upset by the effect these changes have had on GAL, Appellants filed suit against the Attorney General, claiming (1) that GAL is an "obligee" and thus is authorized to receive child-support disbursements from the SDU under § 654b(b)(1); and (2) that GAL is authorized to receive disbursements pursuant to it clients' divorce decrees, which appoint GAL guardian *ad litem*, because they are binding contracts. Additionally, Appellants claimed that the Attorney General's actions in relation to the operation of the SDU violated numerous of their state constitutional rights.

The district court rejected each claim after a bench trial. The court (1) rejected Appellants' argument that GAL is an "obligee" because an obligee, unlike GAL, is owed a "duty of support" by a noncustodial parent; thus, only parents and children fit the definition, a conclusion supported by other federal statutory definitions of the term "obligee" and by the Office of Child Support Enforcement's definition of the term; and (2) rejected all of Appellants' remaining claims because the divorce decrees are not contracts due to the fact that GAL clients can not opt out of the state court's appointment of GAL, and therefore the decrees do not provide Appellants with vested property or contract rights

3

or consent from GAL's clients.

Restating their same arguments, Appellants filed this appeal. However, after a thorough review of the briefs and the record, we conclude that the district court properly held in the Attorney General's favor. We see no error in any of the district court's legal or factual findings. Therefore, we AFFIRM for the reasons stated by the district court in its well-reasoned, well-written order. *See O'Donnell v. Abbott*, 393 F. Supp. 2d 508, 511-19 (W.D. Tex. 2005) (explaining in detail its reasons for denying each of Appellants' claims). AFFIRMED.