**In re OFFICE OF the ATTORNEY GENERAL.**

**No. 08-0165.**

Supreme Court of Texas.

June 27, 2008.

Kristofer S. Monson, Assistant Solicitor General, Greg W. Abbott, Jeffrey L. Rose, Attorney General of Texas, Kent C. Sullivan, First Assistant Attorney General, David S. Morales, Clarence Andrew Weber, Rafael Edward Cruz, Brantley David Starr, James C. Ho, Office of the Attorney General of Texas, Austin TX, for Relator.

Bob O'Donnell, Attorney at Law, Garland TX, for Real Party in Interest.

## PER CURIAM.

In this case, the district court issued a temporary restraining order against the Office of the Attorney General and later signed two orders purporting to extend the original order. Because we conclude the orders are procedurally void, we conditionally grant the Attorney General's petition for writ of mandamus.

These proceedings concern several orders from the 301st District Court directing that child-support payments be remitted by the Attorney General to Guardian Ad Litem ("GAL"), a private company that collects and disburses child-support payments for its clients in exchange for a fee.

After the Fifth Circuit held that federal law prohibited the Attorney General from remitting child-support payments to GAL absent parental authorization, *see O'Donnell v. Abbott,* 481 F.3d 280, 282 (5th Cir. 2007), the Attorney General sought a writ of mandamus in the court of appeals seeking to modify approximately 560 child-support orders from Dallas and Collin Counties that ordered payment to GAL. On February 25, 2008, the 301st District Court—which had issued sixteen of the challenged orders—entered an *ex parte* temporary restraining order directing the Attorney General to continue to make payments in accordance with the child-support orders issued by that court and set a hearing for February 29th. On February 26th, the court of appeals stayed the hearing, but on February 28th that court denied mandamus relief and lifted the stay. On February 29th, the day set for the hearing, the Attorney General filed two petitions for writs of mandamus in this Court—one challenging the temporary restraining order issued by the 301st District Court in this case and another seeking modification of all 560 Dallas- and Collin–County child-support orders (Cause No. 08–0166). He also filed a motion requesting an emergency stay of the temporary restraining order and the scheduled hearing. While that motion was pending, the district court issued two amended orders, the first extending the prior temporary restraining order for a period of fourteen days and setting a hearing on March 12, 2008, and the second extending the order indefinitely as a temporary injunction. On February 29th, this Court stayed the original temporary restraining order pending resolution of this petition and the Attorney General's mandamus petition in the related case.

In the related case, the Attorney General sought a writ of mandamus ordering modification of the approximately 560 child-support orders in Dallas and Collin Counties, which require the Attorney General to remit payments to GAL. We denied that petition for mandamus on April 4th, and appeals regarding some of those orders are still pending in the lower courts. The present petition addresses only the temporary orders issued by the 301st District Court. The Attorney General contends the temporary orders require violations of federal law by ordering payment of child-support to GAL, *see O'Donnell v. Abbott,* 393 F.Supp.2d 508, 515–17 (W.D.Tex.2005), *aff'd* 481 F.3d at 282, thus jeopardizing Texas's receipt of federal funding, and are procedurally void for failure to comply with the Texas Rules of Civil Procedure. Because we agree that the orders are void for failure to comply with mandatory procedural requirements, we conditionally grant the writ.

■ Texas Rules of Civil Procedure 680 and 684 require a trial court issuing a temporary restraining order to: (1) state why the order was granted without notice if it is granted *ex parte,* Tex.R. Civ. P. 680; (2) state the reasons for the issuance of the order by defining the injury and describing why it is irreparable, *id.;* (3) state the date the order expires and set a hearing on a temporary injunction, *id.;* and (4) set a bond, Tex.R. Civ. P. 684. Orders that fail to fulfill these requirements are void. *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex. 1986); *Lancaster v. Lancaster,* 155 Tex. 528, 291 S.W.2d 303, 308 (1956).

■ The temporary restraining order and amended orders issued by the trial court violate these rules. The original and first amended orders were granted *ex parte* but fail to explain why they were granted without notice, *see* Tex.R. Civ. P. 680; they do not define the injury they were designed to prevent or explain why such injury would be irreparable, *see id.;*

and they were issued without meeting the bond requirement, *see* Tex.R. Civ. P. 684. The second amended order purports to carry forth the original temporary restraining order as a temporary injunction, but the trial court issued it without a hearing; thus, it is not properly considered a temporary injunction but, rather, a continuation of the temporary restraining order. *See* Tex.R. Civ. P. 680; *Del Valle Indep. Sch. Dist. v. Lopez,* 845 S.W.2d 808, 809 (Tex.1992). This second amended order, although it does set a bond, again fails to explain the reason for granting the order without notice or to define the injury to be suffered. *See* Tex.R. Civ. P. 680, 684.

■ Because temporary restraining orders are not appealable, the Attorney General has no remedy by appeal. *In re Tex. Natural Res. Conservation Comm'n,* 85 S.W.3d 201, 205 (Tex.2002); *In re Newton,* 146 S.W.3d 648, 652–53 (Tex.2004). Furthermore, the Attorney General has presented evidence that Texas could lose federal funding if he is forced to comply with the orders pending the outcome of proceedings to amend the underlying child-support orders. *See* 42 U.S.C. § 602 (2000). Given the unavailability of appeal and the gravity of interests at issue in this case, we accordingly—without hearing oral argument, pursuant to Texas Rule of Appellate Procedure 52.8(c)—conditionally grant relief and direct the court to withdraw all three of its temporary orders. We are confident that the trial court will comply, and the writ will issue only if the trial court fails to do so.