NO. 07-10-00202-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 23, 2010

IN RE R. WAYNE JOHNSON, RELATOR

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator R. Wayne Johnson, appearing *pro se*, filed a petition for writ of mandamus. We will deny his petition.

Background

According to his petition, relator seeks a writ of mandamus against respondent the Honorable Ana Estevez, judge of the 251st District Court of Potter County. The petition asserts relator requested a temporary restraining order which Judge Estevez refused to grant. Relator asks us to order Judge Estevez to issue a temporary restraining order according to the form he prepared and included in the mandamus record. The record also contains "Plaintiff's Original Petition for Temporary Restraining Order," a letter from relator to Judge Estevez, and an affidavit of relator.

Analysis

Courts will issue mandamus to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal. *In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). The relator must generally bring forward all that is necessary to establish a claim for relief. *See* Tex. R. App. P. 52.7; *Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 658 (Tex. 1992). This includes providing an adequate record to substantiate the allegations contained in the petition for mandamus. *Dallas Morning News,* 842 S.W.2d at 658; *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992). Absent a sufficient record, mandamus will not issue. *Id.*

Relator's mandamus petition must be denied, for several reasons. We will mention two. First, Rules of Civil Procedure 680 and 684 require a trial court issuing a temporary restraining order to state why the order was granted without notice if it is granted *ex parte*; state the reasons for issuance of the order by defining the injury and describing why it is irreparable; state the date the order expires and set a hearing on a temporary injunction; and set a bond. Orders that do not fulfill these requirements are void. *In re Office of the Attorney General*, 257 S.W.3d 695, 697 (Tex. 2008) (per curiam). The order relator provided Judge Estevez satisfied none of these requirements. Judge Estevez did not abuse her discretion by declining to sign a void order.

Second, as relator is aware, the 156th Judicial District Court of Bee County has declared him a vexatious litigant according to Civil Practice and Remedies Code

Chapter 11. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101 *et seq.* (Vernon 2002); *In re R. Wayne Johnson,* No. 07-09-0008-CV, 2010 Tex. App. Lexis 3584, at *2 (Tex.App.--Amarillo May 11, 2010, orig. proceeding) (per curiam, mem. op.). By the terms of the 156th Judicial District Court's June 14, 2001 order, relator is prohibited from filing any additional litigation in Texas courts without the permission of a local administrative judge. Order available at: http://www.courts.state.tx.us/oca/vexatiouslitigants.asp. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102(a) (Vernon 2002) (local administrative judge may grant vexatious litigant permission to file suit only if litigation has merit and is not filed for the purposes of harassment or delay) and § 11.104(b) (Vernon 2002) (Office of Court Administration of the Texas Judicial System shall maintain a list of vexatious litigants under § 11.101).

As noted, the mandamus record contains the "Plaintiff's Original Petition for Temporary Restraining Order" setting forth the relief relator seeks. Relator is incarcerated in the Institutional Division of the Texas Department of Criminal Justice. His original petition asks for injunctive relief against two prison system employees, the law library supervisor and the mail room supervisor, whose actions relator alleges violate his First Amendment rights and violate federal statutes. The original petition would initiate a civil action within the definition of "litigation" under Chapter 11. Tex. Civ. Prac. & Rem. Code Ann. § 11.001(2) (Vernon 2002) ("litigation" means a civil action commenced, maintained, or pending in any state or federal court).[1]

---

[1] Relator's original petition seeks only a temporary restraining order. We express no opinion on the sufficiency of his pleadings.

The temporary restraining order relator sought from Judge Estevez would not in any event have been issued until relator's original petition was filed. Tex. R. Civ. P. 688. Relator's original petition cannot be filed without the local administrative judge's permission, and nothing shows that permission has been obtained. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.103(a) (clerk may not file suit of vexatious litigant subject to prefiling order unless litigant obtains order from local administrative judge permitting filing). In fact, the mandamus record affirmatively suggests that such permission has not been obtained. None of the documents relator presents contains a trial court cause number or the file stamp of the district clerk. For this reason also, Judge Estevez did not abuse her discretion by declining to grant a temporary restraining order that could not have been issued.

For both these reasons, we find relator has not presented a mandamus record sufficient to demonstrate an abuse of discretion by Judge Estevez. His petition for writ of mandamus is denied.

James T. Campbell
Justice

4