# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2013

Lyle W. Cayce
Clerk

No. 12-41023

RAPHAEL HALL,

Plaintiff - Appellant,

v.

BAC HOME LOANS SERVICING, L.P., formerly known as Countrywide Home Loan Servicing, L.P.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED; FEDERAL NATIONAL MORTGAGE ASSOCIATION; TONI STEPHENS; JACQUELINE ANNE KOUGL,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-CV-417

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Raphael Hall ("Hall") brought suit in state court to challenge the non-judicial foreclosure of his property. The Defendants removed to federal court, and the district court granted summary judgment in favor of the Defendants on all claims. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41023

## I. BACKGROUND

In 2007, Hall purchased real property in Brazoria County, Texas, ("the Property") financed with a note payable to First Magnus Financial Corporation ("First Magnus"). The note was secured by a deed of trust in favor of First Magnus. The deed of trust lists as beneficiary Mortgage Electronic Registration System ("MERS") (as nominee for First Magnus and its successors and assigns) and the successors and assigns of MERS. The deed of trust also states that MERS "has the right to exercise any or all of those interests [granted in the deed of trust], including, but not limited to, the right to foreclose and sell the Property." In 2009, MERS assigned its rights and interests under the note and deed of trust to BAC Home Loans Servicing, L.P. ("BAC")[1] by a written instrument recorded by the county clerk.

Hall failed to make timely payments on his mortgage, and in October 2010, he received a notice of default stating that unless he paid the overdue amount, foreclosure proceedings would be initiated. Hall did not cure the default, and in June 2011, he received a notice of trustee's sale with a scheduled foreclosure sale date of August 2, 2011. The foreclosure sale was postponed, and in August 2011, Hall received a second notice of trustee's sale with a scheduled foreclosure sale date of September 6, 2011. On September 1, 2011, Hall brought suit in state court and obtained an *ex parte* temporary restraining order to enjoin BAC from proceeding with the non-judicial foreclosure sale. Nonetheless, the sale occurred as scheduled on September 6, 2011, with Federal National Mortgage Association ("Fannie Mae") purchasing the Property.

Shortly thereafter, the Defendants removed the case to federal court based on diversity jurisdiction. The Defendants ultimately filed a motion for summary judgment. After Hall filed a response, the district court granted summary

---

[1] Shortly before foreclosure, BAC merged into Bank of America, N.A. In this opinion, we simply refer to the combined entity as BAC.

No. 12-41023

judgment in favor of the Defendants.  Hall appealed.

## II.  DISCUSSION

"We review a grant of summary judgment *de novo*, applying the same standard as the district court and viewing the evidence in the light most favorable to the non-moving party." *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 895 (5th Cir. 2013).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003).

In his amended complaint, Hall asserted seven causes of action.  The district court granted summary judgment against Hall on all of his claims.  On appeal, Hall raises three issues, each of which relate only to his first two causes of action:  wrongful foreclosure and suit to quiet title and void substitute trustee's deed.  Because Hall has not raised arguments regarding his other five causes of action, any such arguments are waived.  *Bailey v. Shell W. E&P Inc.*, 609 F.3d 710, 722 (5th Cir. 2010) ("Issues not briefed on appeal are waived.").

### A.

Hall first argues that summary judgment was improper because the temporary restraining order entered in state court rendered the foreclosure sale void *ab initio* therefore giving rise to an action for wrongful foreclosure and suit to quiet title.  He relies on *O'Brian v. First State Bank*, No. 03-95-00644-CV, 1996 Tex. App. LEXIS 4099 (Tex. App.—Austin Sept. 11, 1996, writ denied) (not designated for publication), for the proposition that "[a] foreclosure sale made in violation of an injunction is void and transfers no title."  *Id.* at *15.  In Hall's case, this theory of relief is inapposite because the restraining order that he received was itself void and of no legal effect.

No. 12-41023

Pursuant to Texas Rule of Civil Procedure 680, "[no] temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." TEX. R. CIV. P. 680. Furthermore, "[e]very temporary restraining order granted without notice . . . shall define the injury and state why it is irreparable and why the order was granted without notice." *Id.* "Orders that fail to fulfill these requirements are void." *In re Office of the Attorney Gen.*, 257 S.W.3d 695, 697 (Tex. 2008).

Hall sought the temporary restraining order *ex parte* and his application for the order did not contain any specific facts demonstrating that immediate injury or loss would occur before notice and a hearing could be had. More significantly, the temporary restraining order that Hall received failed to state why it was granted without notice. Because the temporary restraining order did not meet the requirements of Texas Rule of Civil Procedure 680, it is void under Texas law.[2] *Id.* Accordingly, the temporary restraining order could not serve to void the foreclosure sale or prevent transfer of the Property as Hall asserts. *See In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]) ("A void [temporary injunction] order has no force or effect and confers no rights; it is a mere nullity." (citing *Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942))). Hall's argument that he may maintain a wrongful foreclosure action and suit to quiet title based on the temporary restraining order is without merit.

---

[2] This appears to be what the district court had in mind when it instructed Hall during a conference that there were "no grounds for" the temporary restraining order, that he "shouldn't have gotten it," that the court would dissolve the order, and that Hall's theory of relief on this ground was meritless.

No. 12-41023

B.

Hall's second argument on appeal is that his first two causes of action survive summary judgment based on the "split-the-note" theory: while MERS may have transferred the deed of trust to BAC, it did not transfer the note to BAC; because BAC did not possess the note, it could not enforce the deed of trust through foreclosure. In *Martins v. BAC Home Loans Servicing, L.P.*, we recently considered this theory in depth and found it "inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself." 722 F.3d 249, 255 (5th Cir. 2013). We are bound by the holding in *Martins*.

Hall acknowledged MERS had the authority to foreclose when he signed the deed of trust, which states that MERS can "exercise any or all of those interests [granted in the deed of trust], including, but not limited to, the right to foreclose and sell the Property." The summary judgment evidence demonstrates that MERS validly assigned its rights under the deed of trust to BAC.[3] "[T]he assignment explicitly included the power to foreclose by the deed of trust." *Id.* As "the last person to whom the security interest ha[d] been assigned of record," BAC was a mortgagee as defined by the Texas Property Code. *See* TEX. PROP. CODE ANN. § 51.0001(4)(C) (West 2007). BAC was also a mortgage servicer under the Texas Property Code. *See* § 51.0001(3) (defining mortgage servicer as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security

---

[3] The Defendants submitted the sworn deceleration of Veronica Vela in which she testified that MERS assigned its interests under the deed of trust to BAC. Attached to the declaration were copies of the note, the deed of trust, and the assignment of the deed of trust, which was signed, notarized, and recorded by the county clerk. Hall did not present evidence that created a genuine issue of material fact as to the validity of the assignment.

Furthermore, on appeal, Hall does not contest the validity of the assignment of the deed of trust. Instead, Hall relies on the split-the-note theory to contend that the assignment did not transfer *the note*, which Hall asserts BAC must possess in order to foreclose.

No. 12-41023

instrument"). Accordingly, BAC had the authority to foreclose on the Property in either its role as mortgagee or mortgage servicer. *See* TEX. PROP. CODE ANN. §§ 51.002, 51.0025 (West 2007).

Pursuant to *Martins*, Hall's characterization of Texas law is incorrect—it simply was not necessary for BAC to possess the note to foreclose. *See Martins*, 722 F.3d at 255. The district court did not err in granting summary judgment to BAC on Hall's causes of action relying on the split-the-note theory.

C.

Hall's final argument is that because the notice of foreclosure incorrectly lists BAC as the mortgagee and mortgage servicer, it misrepresents key facts and fails to comply with § 51.0025 of the Texas Property Code, thereby rendering the foreclosure sale void or voidable. This ground for relief was not included in Hall's amended complaint and therefore could not have been considered by the district court when granting summary judgment. Since this issue was raised for the first time on appeal, we will not consider it. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424–25 (5th Cir. 2004).[4]

AFFIRMED.

---

[4] In any event, BAC was a mortgagee and mortgage servicer as defined by the Texas Property Code. *See* § 51.0001(3)–(4).

6