

NUMBER 13-17-00610-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE BRUCE OLSON

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Benavides

Relator, Bruce Olson, filed a petition for writ of mandamus and motion for emergency relief in the above cause on October 27, 2017. Through this original proceeding, relator seeks an order directing the trial court to grant his motion for summary judgment and grant his request for a temporary restraining order. Through his motion for emergency relief, relator seeks that this Court stay proceedings until this writ of mandamus be disposed.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a

clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

Mandamus relief is generally unavailable when a trial court denies summary judgment, no matter how meritorious the motion. *In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 314 (Tex. 2010) (orig. proceeding). Relator has not shown that extraordinary circumstances justify granting mandamus relief on grounds that the trial court erroneously denied their motion for summary judgment. *See, e.g., id.* (granting mandamus relief under extraordinary circumstances when relator endured one trial in a forum that lacked jurisdiction, and then a subsequent appeal to the court of appeals and the Texas Supreme Court, and faced a second trial on a claim that was barred by limitations).

As a general rule, temporary restraining orders are not appealable, but if the gravity of the interests and issues involved are sufficiently serious, a trial court's ruling on a temporary restraining order can be challenged by mandamus because there is no remedy

on appeal. *See, e.g., In re Office of the Atty. Gen.*, 257 S.W.3d 695, 697–98 (granting mandamus relief directing the trial court to withdraw temporary orders because the Texas Attorney General presented evidence that Texas could lose federal funding if he was forced to comply with the orders pending the outcome of proceedings to amend the underlying child support orders). Here, Olson has not met his burden to show this Court why the interests and issues involved in this case are sufficiently serious to warrant a mandamus challenge to the trial court's order denying his application for a temporary restraining order.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, we DENY the petition for writ of mandamus and the motion for emergency stay. *See* Tex. R. App. P. 52.8(a).

IT IS SO ORDERED.

GINA M. BENAVIDES
Justice

Delivered and filed
this 27th day of October, 2017.

3