**Reversed and Remanded; Opinion Filed March 26, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00808-CV

### CHRIS MASSENBURG AND JONATHAN LAWTON, Appellants
### V.
### LAKE POINT ADVISORY GROUP, LLC AND LAKE POINT WEALTH MANAGEMENT, LLC, Appellees

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-19-0935**

## MEMORANDUM OPINION
Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

This is an interlocutory appeal from a temporary injunction. Appellants contend the injunction fails to comply with the mandatory requirements of Rule 683 and is void. *See* TEX. R. CIV. P. 683. Appellees argue this complaint was waived because appellants failed to present it to the trial court. We agree with appellants that the injunction is void. Accordingly, we reverse the trial court's order, dissolve the temporary injunction and remand to the trial court for further proceedings.

Background

Appellees Lake Point Advisory Group, LLC and Lake Point Wealth Management, LLC (Lake Point) sued appellants, two former employees, alleging they breached several covenants in their employment and confidentiality agreements after leaving employment. Lake Point requested a temporary injunction to enjoin appellants from engaging in a competing business within the area defined in the employment agreements, disclosing confidential information, and soliciting clients and other employees to leave Lake Point. After a hearing, the trial court signed a temporary injunction granting that relief. The injunction recites that the parties and their attorneys appeared for the hearing and enjoins appellants from taking several specified actions. The injunction sets a bond requirement and sets the case for trial on March 31, 2020. Appellants filed notices of accelerated appeal within twenty days of the temporary injunction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (permitting interlocutory appeal of order granting or denying temporary injunction).

Discussion

In relevant part, Rule 683 provides every order granting a temporary injunction shall set forth the reasons for its issuance in specific terms. TEX. R. CIV. P. 683. The procedural requirements of Rule 683 are mandatory and must be strictly followed. *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam). A temporary injunction that fails to comply with those requirements "is subject to being declared void and dissolved." *Id.*; *Reiss v. Hanson*,

No. 05-18-00923-CV, 2019 WL 1760360, at \*2 (Tex. App.—Dallas Apr. 22, 2019, no pet.) (mem. op.); *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion by not dissolving a temporary injunction order that does not comply with the requirements of Rule 683. *IPSecure, Inc. v. Carrales*, No. 04-16-00005-CV, 2016 WL 3342108, at \*2 (Tex. App.—San Antonio 2016, no pet.) (mem. op.).

The temporary injunction before us does not state the reasons for its issuance in specific terms as required by Rule 683. *See* TEX. R. CIV. P. 683. Therefore, the temporary injunction is void and must be dissolved. *See InterFirst Bank*, 715 S.W.2d at 641; *Indep. Capital Mgmt.*, 261 S.W.3d at 795.

In reaching this conclusion, we necessarily reject Lake Point's argument that appellants waived their complaint by failing to raise it in the trial court.[1] Long-standing precedent of this Court and the supreme court establishes that the requirements of Rule 683 are mandatory and a temporary injunction that fails to comply with those requirements is void and must be dissolved. *See InterFirst*, 715 S.W.2d at 641; *Reiss*, 2019 WL 1760360, at \*2; *Indep. Capital Mgmt.*, 261 S.W.3d at 795. Specifically, this and other Courts have held that a temporary injunction order

---

[1] Lake Point relies on *Texas Tech University Health Sciences Center v. Rao*, 105 S.W.3d 763, 767–68 (Tex. App.—Amarillo 2003, pet. dism'd) and *Emerson v. Fires Out, Inc.*, 735 S.W.2d 492 (Tex. App.—Austin 1987, no writ) for this minority position. *See also Hoist Liftruck Mfg., Inc. v. Carruth-Doggett, Inc.*, 485 S.W.3d 120, 124–25 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (Frost, J., concurring) (discussing split of authority among courts of appeal and arguing for a preservation requirement).

that fails to comply with Rule 683 is void and for this reason a party cannot waive the error by agreeing to the form or substance of the order. *See Indep. Capital Mgmt.*, 261 S.W.3d at 795 n.1; *Conlin v. Haun*, 419 S.W.3d 682, 686–87 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, no pet.)); *Big D Properties, Inc. v. Foster*, 2 S.W.3d 21, 23 (Tex. App.—Fort Worth 1999, no pet.) (holding Rule 683's requirements may not be waived). Further, this Court can declare a temporary judgment void even if the parties have not raised the issue. *See City of Sherman v. Eiras*, 157 S.W.3d 931, 931 (Tex. App.—Dallas 2005, no pet.); *Univ. Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex. Civ. App.—San Antonio 1981, no writ).

Despite the clear declaration in *InterFirst* that the temporary injunction before the court was void, Lake Point argues *Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam) holds the requirements of Rule 683 are procedural and such procedural defects are subject to waiver, citing *Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 923 (Tex. 2011).[2]

We disagree that *Qwest* mandates a preservation requirement in this case. The issue in *Qwest* was not whether a temporary injunction was void, but whether the order was a temporary injunction subject to interlocutory appeal. *Qwest*, 24 S.W.3d

---

[2] Lake Point also cites our decision in *Bayoud v. Bayoud*, 797 S.W.2d 304, 312 (Tex. App.—Dallas 1990, writ denied). *Bayoud* is distinguishable for the reasons explained in *Reiss v. Hanson*, No. 05-18-00923-CV, 2019 WL 1760360, at *3 (Tex. App.—Dallas Apr. 22, 2019, no pet.).

at 334. But, contrary to Lake Point's assertions, the court reaffirmed that a temporary injunction that fails to comply with Rule 683 is void, not that it is merely voidable. *Id*. at 337. The court stated that while the procedural defects may render the order "void," they did not change the character of the order as a temporary injunction subject to interlocutory appeal. *Id*. The court did not indicate the procedural requirements rendered the order *voidable*; it said those requirements may render it *void*. *Id*. Thus, the opinion in *Qwest* supports the position that orders failing to comply with Rule 683 are void rather than voidable.

*Roccaforte* stands for the unremarkable—and inapplicable—proposition that a final judgment rendered during a stay required for an interlocutory appeal is voidable, not void. *Roccaforte*, 341 S.W.3d at 923–24. But the supreme court has never overruled its holding in *InterFirst* that a temporary injunction failing to comply with Rule 683 is void. *InterFirst*, 715 S.W.2d at 641. And, more recently than *Qwest*, the supreme court cited *InterFirst* as authority for concluding that temporary restraining orders that failed to comply with the similar requirements of Rules 680 and 684 "are void." *In re Office of Att'y Gen.*, 257 S.W.3d 695, 697 (Tex. 2008) (orig. proceeding) (per curiam). If such orders were merely voidable, it would be illogical for the supreme court to declare them void. *See InterFirst*, 715 S.W.2d at 641 (declaring temporary injunction void for failure to comply with Rule 683); *In re Office of Att'y. Gen.*, 257 S.W.3d at 697 (declaring temporary restraining orders void for failure to comply with Rules 680 and 684).

Conclusion

Because the temporary injunction does not comply with the mandatory requirements of Rule 683, it is void. We reverse the trial court's temporary injunction, dissolve the temporary injunction, and remand this case to the trial court for further proceedings.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

190808F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRIS MASSENBURG AND
JONATHAN LAWTON, Appellants

No. 05-19-00808-CV     V.

LAKE POINT ADVISORY GROUP,
LLC AND LAKE POINT WEALTH
MANAGEMENT, LLC, Appellees

On Appeal from the 439th Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 1-19-0935.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, the June 17, 2019 temporary injunction of the trial court is **REVERSED**, the temporary injunction is **DISSOLVED**, and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellants Chris Massenburg and Jonathan Lawton recover their costs of this appeal from appellees Lake Point Advisory Group, LLC and Lake Point Wealth Management, LLC.

Judgment entered this 26th day of March, 2020.