# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00472-CV

**In re Round Rock Independent School District, Board of Trustees of Round Rock Independent School District, Dr. Hafedh Azaiez, in his official capacity as Superintendent of Round Rock Independent School District, and Amy Weir, Amber Feller, Tiffanie Harrison, Dr. Jun Xiao, Dr. Mary Bone, Cory Vessa, Danielle Weston, in their official capacities as trustees of the Round Rock Independent School District**

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relators Round Rock Independent School District; Board of Trustees of Round Rock Independent School District; Dr. Hafedh Azaiez, in his official capacity as Superintendent of Round Rock Independent School District; and Amy Weir, Amber Feller, Tiffanie Harrison, Dr. Jun Xiao, Dr. Mary Bone, Cory Vessa, Danielle Weston, in their official capacities as trustees of the Round Rock Independent School District (collectively, the "School District") have filed a petition for writ of mandamus seeking relief from an ex parte temporary restraining order entered by the district court on September 14, 2021.[1]  Because we conclude the order is procedurally void, we conditionally grant the School District's petition for writ of mandamus.

This proceeding concerns a mask requirement implemented on August 16, 2021, by the School District as part of its COVID-19 safety protocols.  The State of Texas filed a

---

[1] We stayed the temporary restraining order on September 17, 2021.

verified original petition and application for temporary and permanent injunctive relief three weeks later, alleging that the School District's mask requirement violates Executive Order GA-38[2] and, among other things, requesting a temporary restraining order to prevent the School District from enforcing the mask requirement. Before the State could obtain a setting on their request, the trial court entered an ex parte temporary restraining order on September 14, prohibiting the School District from enforcing a mask mandate for as long as GA-38 (or a future executive order containing the same prohibition) remains in effect.

Mandamus relief is available when the trial court abuses its discretion and the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding). The parties do not dispute that the trial court did not hold a hearing prior to entering the order and do not dispute that the State did not notify Relators that it was seeking a temporary restraining order until after the order had already been entered by the trial court. *See Ex Parte*, Black's Law Dictionary (11th ed. 2019) (defining "ex parte" as "[o]n or from one party only, usu[ally] without notice to or argument from the adverse party"). Even though the trial court entered the order ex parte, the order itself fails to comply with the requirements under Rule 680, most notably by failing to state "why the order was granted without notice." Tex. R. Civ. P. 680.

Accordingly, the trial court abused its discretion by entering a void order. *See In re Office of Att'y Gen.*, 257 S.W.3d 695, 697 (Tex. 2008) (orig. proceeding) ("Orders that fail

---

[2] GA-38 is an executive order issued by Governor Greg Abbott, which among other things prohibits government entities—including school districts—from requiring any person to wear a face mask or otherwise mandating that a person wear a face covering. Numerous challenges to that portion of GA-38 are pending throughout the State, including in an appeal currently pending before this Court, *Abbott v. La Joya Independent School District*, which has been assigned appellate cause number 03-21-00428-CV.

to fulfill [the Rule 680 and 684] requirements are void.").[3]  The School District also lacks an adequate remedy by appeal because the temporary restraining order is not appealable.  *See id.* at 698; *In re Texas Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 207 (Tex. 2002) (orig. proceeding).

We therefore conditionally grant the School District's petition for writ of mandamus and direct the trial court to vacate its September 14, 2021 order granting a temporary restraining order.  The writ will issue only if the trial court fails to comply.

_____

Edward Smith, Justice

Before Justices Baker, Triana, and Smith

Filed:   September 24, 2021

_____

**3**   The School District also contends that this proceeding is an impermissible collateral attack on the injunction at issue in *La Joya ISD*, which enjoined enforcement of GA-38 as to the named plaintiffs in that suit.  Although both proceedings concern similar challenges to GA-38, any collateral-attack argument by Relators is more appropriately raised in the first instance before the trial court below.