# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00413-CV

---

**In re Janice Hallas**

---

### ORIGINAL PROCEEDING FROM COMAL COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Janice Hallas (Mother) has filed a petition for writ of mandamus seeking relief from a temporary restraining order extended multiple times by the trial court. For the reasons explained below, we conditionally grant mandamus relief.

Mother and real party in interest Christopher Hallas (Father) are involved in a divorce including a suit affecting the parent-child relationship. On April 29, 2022, the trial court entered a temporary restraining order (TRO) that, among other things, prohibited Mother from exercising possession over the parties' minor children or interfering with Father's possession of and access to the children. That temporary injunction hearing occurred over two days—May 11 and May 25—and the trial court scheduled a third day of hearings for August 31, 2022. During that same period, the TRO was ultimately extended for fourteen days after the hearing on May 25.

On June 9, 2022 (fifteen days later), Mother's counsel informed Father that the TRO had expired and sought access to the children. The next day, Father filed a motion for entry of temporary injunction and verified application for writ of attachment, requesting that the

trial court enter a temporary injunction consistent with the earlier TRO. That same day, the trial court entered an order titled "Order Extending Temporary Restraining Order." The order did not reference or rule on Father's motion but found that Father was entitled "to a temporary restraining order," and then "temporarily enjoined" Mother from undertaking the same activities prohibited as to the minor child[1] under the TRO and its earlier extension. The new order also provided that it "shall continue in force until the signing of the Final Decree of Divorce or until further order of this Court." On July 19, 2022, the trial court then entered another "Order Extending Temporary Restraining Order" over the objection of Mother, containing the same prohibitions against Mother but adding a provision allowing Father to take the minor child out-of-state during the summer. Mother now seeks mandamus relief, contending that the trial court abused its discretion by entering the TRO extensions.

Mandamus relief is available when the trial court clearly abuses its discretion and the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding). A trial court clearly abuses its discretion by entering a void order. *In re Office of Att'y Gen.*, 257 S.W.3d 695, 697 (Tex. 2008) (orig. proceeding). Furthermore, mandamus relief is available to remedy void temporary restraining orders. *See id.* at 698; *see also In re Texas Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 207 (Tex. 2002) (orig. proceeding).

Mother contends that the orders by the district court are void extensions of a temporary restraining order. We agree. A temporary restraining order must comply with the requirements of Rules 680 and 684 of the Texas Rules of Civil Procedure. *See In re Office of Att'y Gen.*, 257 S.W.3d at 697. Even a valid temporary restraining order, however, cannot be

---

[1] The other child reached the age of majority during the proceeding.

extended after its expiration. *See* Tex. R. Civ. P. 680 (providing that temporary restraining order "shall expire by its terms within such time after signing"); *see also In re Sierra Club*, 420 S.W.3d 153, 157 (Tex. App.—El Paso 2012, orig. proceeding) (concluding that TRO that has expired "cannot be extended by the trial court"). The TRO was extended fourteen days on May 25, 2022, and expired by its terms on June 8, 2022. There was therefore no valid TRO on June 10 for the trial court to extend. *See* Tex. R. Civ. P. 680.

Even assuming the TRO was still in effect, neither the June 10 nor July 19 extensions of the TRO complies with the requirements of Rule 680. Neither extension includes a date when the order expires, but instead sets an indefinite deadline "until the signing of the Final Decree of Divorce or until further order of this Court." *See In re Office of Att'y Gen.*, 257 S.W.3d at 697 (citing Tex. R. Civ. P. 680, 684). Moreover, the TRO may only be extended a single time for a maximum of fourteen days unless "the party against whom the order is directed consents that it may be extended for a longer period." Tex. R. Civ. P. 680; *see also In re Texas Nat. Res. Conservation Comm'n*, 85 S.W.3d at 204 ("We hold that Rule 680 governs an extension of a temporary restraining order, whether issued with or without notice, and permits but one extension for no longer than fourteen days unless the restrained party agrees to a longer extension."). The record before us makes clear that Mother—the restrained party—opposed both extensions. Although the Family Code modifies some findings required for a TRO, those provisions do not modify or waive the duration limitations. *See* Tex. Fam. Code §§ 6.501, 105.001(b)-(c). The district court therefore also abused its discretion by granting multiple extensions of the TRO. *See In re Texas Nat. Res. Conservation Comm'n*, 85 S.W.3d at 204.

Father contends that the June 10 order is a temporary injunction, not a temporary restraining order, but that argument is unpersuasive. The trial court purposefully and repeatedly

3

describes the relief provided as a "temporary restraining order" throughout the orders; the court repeatedly refers to its actions as "extending" the prior TRO; the orders do not dispose of or otherwise reference Father's outstanding motion for temporary injunction; and the final day of hearings on entering a temporary injunction is still forthcoming. *See Nikolouzos v. St. Luke's Episcopal Hosp.*, 162 S.W.3d 678, 681 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (explaining that whether order is temporary restraining order or temporary injunction "depends on the order's characteristics and function, not its title"); *see also Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 338 (Tex. 2000). Although the order lacks a defined end date typical with temporary injunctions, such errors in the form of a temporary restraining order are not determinative because "then those errors would deny review of the very defects that render the order void." *Qwest Commc'ns*, 24 S.W.3d at 336; *see also In re Texas Nat. Res. Conservation Comm'n*, 85 S.W.3d at 206 (cautioning that short duration of temporary restraining order "is a critical safeguard"). Accordingly, the trial court has clearly abused its discretion by entering void extensions of a temporary restraining order, and mandamus relief is the appropriate remedy. *See In re Office of Att'y Gen.*, 257 S.W.3d at 698.

## CONCLUSION

We conditionally grant Mother's petition for writ of mandamus and direct the trial court to vacate its June 10, 2022 and July 19, 2022 orders extending the temporary restraining order. The writ will issue only if the trial court fails to comply. Relator's supplemental emergency motion for temporary relief is dismissed as moot.

_____
Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Filed:   August 25, 2022