**Petition for Writ of Mandamus Conditionally Granted and Majority and Dissenting Memorandum Opinions filed March 17, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00169-CV

---

### IN RE ALEJANDRO SANCHEZ, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2023-08753**

---

### MAJORITY MEMORANDUM OPINION

On March 10, 2023, relator Alejandro Sanchez filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the ancillary judge of Harris County, the Honorable C. Elliott Thornton, to vacate the temporary restraining order she signed March 9, 2023. We determine that relator is entitled to relief. *See* Tex. R. App. 52.8(c).

BACKGROUND

The underlying lawsuit involves a dispute over real property. Alejandro Sanchez is the current owner of the property. Joseph H. Dyer is a prior owner of the property. On February 10, 2023, Dyer filed his original petition in the 127th District Court in Harris County, Texas, asserting claims against Sanchez, and other defendants, for (1) conspiracy; (2) fraud and conspiracy to commit fraud; (3) aiding and abetting/conspiracy; (4) breach of fiduciary duty; and (5) Texas Theft Liability Act Violation related to the property. Also, on February 10, 2023, Dyer obtained a temporary restraining order that expired on February 24, 2023. The trial court, Judge R.K. Sandill, extended the TRO on February 23 until the hearing date on March 3, 2023.

On March 2, 2023, Dyer filed a second motion to extend the TRO, which was opposed by Sanchez. Judge Sandill denied Dyer's request on March 7, 2023.

The following day, on March 8, 2023, Dyer filed his Fifth Amended Notice of Hearing on Plaintiff's Application for Temporary Restraining Order and Injunctive Relief. The notice provided:

> The hearing is a continuation of the February 10, 2023, hearing and will cover those issues presented in the motion that were not previously ruled upon during the February 10, 2023, hearing, including but not limited to if the attached Temporary Restraining Order, extended to March 3, 2023, by order of the Court on February 23, 2023, shall be reinstated, extended, modified, and/or become a temporary Injunction.

Sanchez opposed Dyer's second request for a TRO. On March 9, 2023, the ancillary judge of Harris County, C. Elliott Thornton, granted Dyer's request for a TRO, which is set to expire on March 23, 2023.

On March 10, 2023, Sanchez filed this mandamus proceeding requesting that we vacate the TRO signed by Judge Elliott on March 9, 2023. In his petition, Sanchez claims that the ancillary judge abused her discretion by granting a second TRO over relator's opposition in violation of Texas Rule of Civil Procedure 680. Sanchez acknowledges that the TRO signed by Judge Thornton "does not, on its face, purport to extend the First TRO," but argues that it "essentially has the same effect on Relator." As such, relator argues that the TRO signed by Judge Thornton violates Rule 680, which permits but one extension for no longer than 14 days unless the restrained party agrees. *See* Tex. R. Civ. P. 680.

## ANALYSIS

To obtain mandamus relief, relator must show that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Southwestern Bell Tel. Co., L.P.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding) ). Relator contends that the ancillary judge, C. Elliott Thornton, abused her discretion by granting the second extension of the TRO in violation of Texas Rule of Civil Procedure 680. Rule 680 provides in relevant part:

> [E]very temporary restraining order granted without notice . . . shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. No more than one extension may be granted unless subsequent extensions are unopposed.

*Id*. The Texas Supreme Court has held that "Rule 680 governs an extension of a temporary restraining order, whether issued with or without notice, and permits but one extension for no longer than fourteen days unless the restrained party agrees to a longer extension." *In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 204–05 (Tex. 2002) (orig. proceeding). The short duration allowed by Rule 680 is "a critical safeguard against the harm occasioned by a restraint on conduct that has yet to be subject to a truly adversarial proceeding." *Id*. at 206–07. Mandamus is available for temporary restraining orders that violate the time limitations of Rule 680. *Id*. at 207.

In his response to Sanchez's petition for writ of mandamus, Dyer does not dispute the procedural facts, conceding that no new application for a TRO was filed and that the second TRO had essentially the same effect on relator as the first TRO. Without citation to supporting authority, Dyer maintains that Judge Thornton acted upon her "equitable jurisdiction" and fashioned appropriate equitable relief by granting the second TRO and setting the matter for a temporary injunction hearing on March 23, 2023. Dyer further asserts that he has requested and paid for a reporter's record of the proceedings held on March 9, 2023. Dyer, however, does identify when the reporter's record will be available or assert that the record will reflect that evidence was submitted at the second TRO hearing.

Although Judge Thornton's order signed March 9, 2023 is not styled as a second temporary restraining order, it is undisputed that the effect on the parties is the same. "The supreme court has interpreted the requirements of Rule 680 in such a way as to not permit a party to continually request temporary restraining orders without requiring the party to meet the more stringent requirements of obtaining a

temporary injunction." *In re 2500 W. Loop, Inc.*, No. 14-18-00770-CV, 2018 WL 4523935, at *3 (Tex. App.—Houston [14th Dist.] Sept. 21, 2018) (orig. proceeding). The March 9, 2023 order granting a second TRO does not comply with the requirements of Rule 680.

Judge Thornton's issuance of the March 9, 2023 TRO was an abuse of the ancillary judge's discretion. *See Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d at 204–05. Further, relator has no adequate appellate remedy because a TRO is generally not appealable. *See In re Office of Att'y Gen.*, 257 S.W.3d 695, 698 (Tex. 2008) (orig. proceeding). As such, we conditionally grant relator's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(c).

## CONCLUSION

We conditionally grant mandamus against ancillary judge C. Elliott Thornton. We are confident that Judge Thornton will vacate the March 9, 2023 order extending the temporary restraining order. The writ will issue only if Judge Thornton fails to vacate the order. All other relief requested by relator is denied.

## PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Spain (Spain, J., dissenting).