

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00638-CV

———————————————

CHARLOTTE SPRAGINS, Appellant

V.

LUNN 34 CATTLE, Appellee

On Appeal from the 97th District Court
Clay County, Texas
Trial Court No. 25-039-DCCV-0096

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Charlotte Spragins[1] challenges the trial court's so-called "restraining order" (the Order). Spragins asserts that this Order is, in reality, an appealable temporary injunction and that it is void. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). We agree and will dissolve the void Order.

## I. Background

Appellee Lunn 34 Cattle's owner[2] entered into an oral agreement with Spragins to conduct certain cattle operations on Spragins's land. But the arrangement broke down, and the parties disputed how many head of cattle each of them owned. Lunn 34 sued for breach of contract and quantum meruit, and it requested temporary injunctive relief related to the cattle operations. The trial court entered an ex parte temporary restraining order that prohibited Spragins from interfering with Lunn 34's cattle operations "from the entry of th[e] order until 14 days thereafter." *See* Tex. R. Civ. P. 680. The order also scheduled a hearing to determine the need for additional, more enduring pretrial injunctive relief.[3] *See id.*

---

[1]The trial court's case style uses the spelling "Spraggins" rather than "Spragins." We use the latter spelling to match that employed by Spragins herself in her pleadings and appellate brief.

[2]Lunn 34 is a general partnership owned by a father and son: Nathaniel Lunn III and Nathaniel Lunn IV.

[3]On the scheduled hearing date, the parties agreed to attend a settlement conference and not to interfere with one another's cattle operations in the meantime. The trial court indicated that it would sign an order confirming the parties' agreement,

At the hearing, Lunn 34 presented evidence, and the trial court ruled in its favor, stating that it would "order . . . that it be [Lunn 34's] responsibility to take care of these cattle, the care and feeding, during the pendency of this case." The trial court verbally described this relief as a "restraining order," and it signed an order bearing that title—the Order at issue in this appeal.

The Order states that it "is effective and valid from the entry of th[e] order until further order of th[e] trial c]ourt." It does not set a trial date or fix a bond amount. *Cf.* Tex. R. Civ. P. 683–84. Nor does it contemplate a future hearing for additional pretrial injunctive relief. *Cf.* Tex. R. Civ. P. 680.

Spragins interpreted the Order as a temporary injunction and filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4).

## II. Discussion

In her two dispositive appellate issues,[4] Spragins argues that the Order (1) is an appealable temporary injunction and (2) is void.

---

but the order it subsequently signed was substantially similar to its original ex parte restraining order—including by stating that it was being issued "ex parte." Regardless, the case was not resolved at the parties' settlement conference, and Lunn 34 claimed that Spragins had interfered with its cattle operations, so the parties proceeded to a contested evidentiary hearing on the need for additional injunctive relief.

[4]In Spragins's first two appellate issues, she argues that the Order is void for (1) failing to include a trial date and (2) failing to set a bond. Because these issues are dispositive, we need not reach her other appellate issues. *See* Tex. R. App. 47.1.

3

## A. The Order is a temporary injunction.

A temporary injunction is subject to immediate interlocutory appeal, but a temporary restraining order is not. *In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002) (orig. proceeding); *see* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4); *Mangum v. Doe*, No. 08-24-00384-CV, 2026 WL 31522, at *1 (Tex. App.—El Paso Jan. 5, 2026, no pet.) (mem. op.). Thus, if the Order is a temporary injunction, we have jurisdiction to review it; if it is a temporary restraining order, we do not.

"Whether an order is a non-appealable temporary restraining order or an appealable temporary injunction depends on the order's characteristics and function[—]not its title." *Tex. Nat. Res.*, 85 S.W.3d at 205; *see Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000); *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). An order's "characteristics and function" include, for example, the order's evidentiary context and the duration of the relief granted. *Tex. Nat. Res.*, 85 S.W.3d at 205–07 (noting order's duration as indicative of character and function, though concluding that improper extension of restraining order did not, standing alone, convert restraining order into temporary injunction); *see Harley Channelview Props., LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 35, 40 (Tex. 2024) (considering order's duration in determining whether it had "the 'character and function' of a temporary injunction"); *In re Off. of Att'y Gen.*, 257 S.W.3d 695, 698 (Tex. 2008) (orig. proceeding) (considering context of order—its issuance without an

evidentiary hearing—in determining whether it was a temporary restraining order or a temporary injunction); *Qwest Commc'ns Corp.*, 24 S.W.3d at 337 (recognizing duration as "one of the factors in determining the character and nature of the order").

Here, the Order is based on the trial court's findings following a contested evidentiary hearing. *See Off. of Att'y Gen.*, 257 S.W.3d at 698 (holding that, although the challenged order "purport[ed] to carry forth the original temporary restraining order as a temporary injunction, . . . the trial court issued it without a hearing; thus, it is not properly considered a temporary injunction but, rather, a continuation of the temporary restraining order"). And at the hearing's conclusion, the trial court stated its intent for the injunctive relief to remain in effect "during the pendency of this case." *See Harley Channelview Props.*, 690 S.W.3d at 35 (holding that order requiring property conveyance had the "the 'character and function' of a temporary injunction [in part] because it '[wa]s made effective immediately so that it operates during the pendency of the suit'"); *Tex. Nat. Res.*, 85 S.W.3d at 205 (classifying order as restraining order rather than injunction in part because it "d[id] not grant all the relief sought for a temporary injunction (injunction until trial on the merits)").

The language of the Order itself goes further, granting indefinite injunctive relief "until further order of th[e trial c]ourt," with no mention of a future hearing date. *See Lopez*, 845 S.W.2d at 809 (clarifying that "[a] temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion" while "[a] temporary injunction is one

5

which operates until dissolved by an interlocutory order or until the final hearing"); *Mangum*, 2026 WL 31522, at *2 (holding so-called "[r]estraining [o]rder" was a temporary injunction when it remained in effect "until further order of th[e c]ourt"). This stands in stark contrast to the trial court's prior restraining order, which was effective "from the entry of th[e] order until 14 days thereafter" and expressly contemplated the possibility of subsequent, more enduring pretrial injunctive relief. *See* Tex. R. Civ. P. 680 (limiting a temporary restraining order to fourteen days absent an extension); *Tex. Nat. Res.*, 85 S.W.3d at 205 (holding order was restraining order rather than injunction in part because it "provided for its own dissolution and set a hearing on the temporary injunction motion"); *Mangum*, 2026 WL 31522, at *2 (holding so-called "[r]estraining [o]rder" was a temporary injunction in part because it "did not provide for its own dissolution").

Thus, the Order's context and duration—its "characteristics and function," *Tex. Nat. Res.*, 85 S.W.3d at 205—confirm that it is a temporary injunction. *See Lopez*, 845 S.W.2d at 809 ("An order such as that at issue here, which directs the conduct of a party but does not contemplate imminent disposition of a request for a temporary or permanent injunction, cannot be categorized as a non-appealable temporary restraining order."). As such, we have jurisdiction to review it. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4).

## B.     The Order is void.

We review a trial court's order granting a temporary injunction for an abuse of discretion. *3.0 CFSFH, LLC v. Johnson*, No. 02-25-00464-CV, 2026 WL 405963, at *2 (Tex. App.—Fort Worth Feb. 12, 2026, no pet.) (mem. op.); *Mangum*, 2026 WL 31522, at *3. A trial court abuses its discretion if it issues a void temporary injunction. *See 3.0 CFSFH*, 2026 WL 405963, at *2–4; *Mangum*, 2026 WL 31522, at *3–4. And a temporary injunction is void if it does not comply with Texas Rules of Civil Procedure 683 and 684. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *InterFirst Bank San Felipe, N.A. v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex. 1986); *3.0 CFSFH*, 2026 WL 405963, at *2; *Mangum*, 2026 WL 31522, at *3–4.

Rules 683 and 684 require a temporary injunction to, among other things, (1) "set[] the cause for trial on the merits with respect to the ultimate relief sought," and (2) "fix the amount of security to be given by the applicant." Tex. R. Civ. P. 683–84; *Qwest Commc'ns Corp.*, 24 S.W.3d at 337. Yet, the trial court's Order does not set the cause for trial, nor does it fix an amount of security. *Cf.* Tex. R. Civ. P. 683–84. Thus, the Order is void.[5] *See InterFirst Bank San Felipe*, 715 S.W.2d at 641 (holding

---

[5]Even if the Order were actually a restraining order, the result would be the same, though our exercise of jurisdiction would be different. "Texas Rules of Civil Procedure 680 and 684 require a trial court issuing a temporary restraining order to . . . state the date the order expires[,] . . . set a hearing on a temporary injunction, . . . [and] set a bond." *Off. of Att'y Gen.*, 257 S.W.3d at 697. And "[o]rders that fail to fulfill these requirements are void." *Id.* The Order here does not (1) "state the date [it] expires," (2) "set a hearing on a temporary injunction," or (3) "set a bond." *Id.* (granting mandamus relief to remedy void restraining order). Thus, even if

7

temporary injunction void when it failed to set trial date); *3.0 CFSFH*, 2026 WL 405963, at *4 (similar); *Mangum*, 2026 WL 31522, at *3–4 (holding temporary injunction void when it failed to set trial date or fix amount of security); *see also Qwest Commc'ns Corp.*, 24 S.W.3d at 337 (clarifying that lack of trial date and security rendered temporary injunction void rather than changing its character and function).

We sustain Spragins's two dispositive appellate issues.

### III.  Conclusion

The trial court's "restraining order" is, in fact, a temporary injunction, and it is void.  We dissolve the void Order.  *See InterFirst Bank San Felipe*, 715 S.W.2d at 641.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  May 7, 2026

---

the Order were a temporary restraining order rather than a temporary injunction, it would still be void.  However, because temporary restraining orders are not subject to interlocutory appeal, we could not declare the Order void without construing Spragins's interlocutory appeal as a mandamus petition.